Present:   Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Poff, Senior Justice

COMMONWEALTH OF VIRGINIA

                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 992355             September 15, 2000

RUDOLPH LYNWOOD HUTCHINS, JR.

            FROM THE COURT OF APPEALS OF VIRGINIA

                              I.

     In this appeal, we consider whether the Commonwealth

violated the defendant's statutory rights to a speedy trial

contained in Code § 19.2-243.  That statute states in relevant

part:

> "Where a general district court has found that
> there is probable cause to believe that the accused
> has committed a felony, the accused, if he is held
> continuously in custody thereafter, shall be forever
> discharged from prosecution for such offense if no
> trial is commenced in the circuit court within five
> months from the date such probable cause was found
> by the district court; and if the accused is not
> held in custody but has been recognized for his
> appearance in the circuit court to answer for such
> offense, he shall be forever discharged from
> prosecution therefor if no trial is commenced in the
> circuit court within nine months from the date such
> probable cause was found.
>
>                    . . . .
>
> "The provisions of this section shall not apply
> to such period of time as the failure to try the
> accused was caused:
>
>                    . . . .
>
> "4. By continuance granted on the motion of the
> accused or his counsel, or by concurrence of the
> accused or his counsel in such a motion by the

attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance . . . ."

## II.

Rudolph Lynwood Hutchins, Jr., was arrested on September 18, 1996, and charged with two counts of malicious wounding, in violation of Code § 18.2-51. He was taken before a magistrate who set his bond at $100,000. The defendant, unable to post the bond, was remanded to the custody of the sheriff of Martinsville and remained in continuous custody in the Martinsville City Jail. On October 23, 1996, the defendant appeared in the Juvenile and Domestic Relations District Court for the City of Martinsville for a preliminary hearing on the charged offenses. The charges were certified to a grand jury which indicted the defendant on February 10, 1997. The defendant appeared in the Circuit Court for the City of Martinsville on February 25, 1997, and was arraigned on two indictments for malicious wounding.

The defendant entered pleas of not guilty and requested a jury trial. In response to the court's inquiry: "If you will sign here that you want a trial by a jury. Friday, June the 6th [1997]?," the defendant's counsel responded: "That's fine, Judge." The defendant and his counsel signed an order

captioned, "REQUEST FOR JURY TRIAL and CONSEQUENCES OF FAILURE TO APPEAR" which stated that the defendant's jury trial was set for June 6, 1997.

On May 15, 1997, six months and 22 days after the preliminary hearing, the defendant, relying upon Code § 19.2-243, filed a motion to dismiss the charges against him.  The defendant stated in his motion "[t]hat on February 25, 1997, the trial court set a trial date for June 6, 1997.  Both the Commonwealth and the Defendant acquiesced to that trial date. Neither the Commonwealth nor the Defendant requested a continuance to that date."  The circuit court denied the defendant's motion, he was tried by a jury and convicted of one count of unlawful wounding, and he was sentenced to three years imprisonment.  The circuit court entered an order confirming the jury verdict, and the defendant appealed to the Court of Appeals.

A panel of the Court of Appeals, in an unpublished opinion, affirmed the judgment of the circuit court.  Hutchins v. Commonwealth, Record No. 1439-97-3 (January 19, 1999).  The Court of Appeals held that the defendant's statutory speedy trial rights were not violated because his trial commenced when he was arraigned and that the arraignment occurred within five months from the date that the district court found probable cause.

The Court of Appeals granted the defendant's petition for rehearing en banc and reversed and dismissed the defendant's conviction, holding that the trial did not commence within the intendment of Code § 19.2-243 until the jury was sworn on June 6, 1997, and, therefore, the trial was beyond the five-month period prescribed in Code § 19.2-243. Hutchins v. Commonwealth, 30 Va. App. 574, 580, 518 S.E.2d 838, 841 (1999). The Court of Appeals did not discuss the Commonwealth's argument that the circuit court's action on February 25, 1997, in scheduling the trial date for June 6, 1997, constituted a continuance and that the defendant's failure to object to that date, as required by Code § 19.2-243(4), barred the defendant from applying the period of time between February 25, 1997 and June 6, 1997, to the five-month period prescribed in Code § 19.2-243. The Commonwealth appeals.

III.

The Commonwealth asserts, among other things, that the defendant's statutory speedy trial rights were not violated because he did not object when the circuit court set the trial date for June 6, 1997, and, therefore, the circuit court's action scheduling the trial for that date must be viewed as a continuance. The defendant responds that he did not waive his statutory right to a speedy trial merely because he remained

4

silent or did not demand that a trial date be set within the prescribed period. We disagree with the defendant.

In Townes v. Commonwealth, 234 Va. 307, 362 S.E.2d 650 (1987), cert. denied, 485 U.S. 971 (1988), we considered whether a defendant's conviction should be reversed and the indictments dismissed because of an alleged violation of his statutory right to a speedy trial. The defendant, Richard Townes, Jr., was indicted for robbery, capital murder in the commission of robbery, and use of a firearm while committing robbery. A general district court found probable cause on August 23, 1985, and Townes was held in continuous custody. Id. at 312, 321, 362 S.E.2d at 652, 658.

On October 16, 1985, Townes appeared in the circuit court and requested a continuance, which was granted by order entered the same date, and the trial date was continued until December 4, 1985. On that date, Townes and his counsel appeared in court on a number of motions, including a motion that Townes be allowed to represent himself. The circuit court granted this motion and designated Townes' former counsel as standby counsel. A discussion occurred regarding a new trial date, and Townes' standby counsel suggested a date of March 3, 1986, and everyone assented. An order was entered on December 23, 1985, which embodied the actions taken by the court on December 4, 1985. Id. at 321-22, 363 S.E.2d at 658.

5

The December 23, 1985 order contained a statement that "the trial of this matter is set for March 3, 1986, on motion of both parties by agreement."  Id. at 322, 362 S.E.2d at 658.

Rejecting Townes' contention that his statutory right to a speedy trial was violated, we stated:

> "The order of December 23, entered well within the five-month period, expressly states that the March 3, 1986 trial date was set 'on motion of both parties by agreement.'  This recitation imports verity and reflects judicial action constituting a continuance granted with the concurrence of both the prosecution and the accused.  This continuance, from December 4 until March 3, extended the five-month period for three months less one day, or more than enough to satisfy the requirements of Code § 19.2-243 . . . ."

Id. at 323, 362 S.E.2d at 659.  We also observed in Townes that "the recital in the order of December 23, 1986, with respect to agreement on the trial date, not only imports verity but also is supported by the record."  Id. at 323 n.3, 362 S.E.2d at 659 n.3.

In the present case, the defendant, Hutchins, agreed to the trial date of June 6, 1997.  Indeed, the defendant admitted, as we have already stated, in his motion to dismiss that "[b]oth the Commonwealth and the Defendant acquiesced to [the June 6, 1997] trial date."  The defendant also states in his brief filed with this Court that he acquiesced to that trial date.  And, as we have already stated, the record shows defendant's counsel informed the circuit court that a trial by

6

jury on June 6, 1997, was "fine." Therefore, we can only conclude that the defendant's actions in acquiescing with and agreeing to the order dated February 25, 1997, signed by the defendant and his counsel, which was entered well within the five-month period, constituted a continuance of the trial date within the intendment of Code § 19.2-243(4). The defendant made no objection to this continuance. Indeed, rather than object, the defendant affirmatively agreed to the trial date, and there is no dispute that when the period of time between February 25, 1997 and June 6, 1997 is not included, the defendant's trial was within the statutorily prescribed period. Therefore, we hold that the defendant's right to a speedy trial provided by Code § 19.2-243 was not violated.

IV.

For these reasons, we will reverse the judgment of the Court of Appeals, and we will reinstate Hutchins' conviction in accordance with the circuit court's judgment order.[*]

Reversed and final judgment.

---

[*] In view of our holding, we do not consider the Court of Appeals' holding that a trial commences within the intendment of Code § 19.2-243 when the jury is sworn.

7