Present:  Carrico, C.J., Lacy, Keenan, Koontz, and Kinser, JJ.,
Whiting, S.J.

WAYNE LENARDO HEATH
                                        OPINION BY
v. Record No. 001090          SENIOR JUSTICE HENRY H. WHITING
                                       March 2, 2001
COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA


     This appeal involves one of the tolling provisions of the

speedy trial statute.  Code § 19.2-243 provides that if, while

awaiting trial, an accused has been incarcerated continuously

for more than five months after a district court finds probable

cause to believe that he has committed a felony, he shall be

"forever discharged from prosecution" for that offense.

     However, Code § 19.2-243(4) states in part that the five-

month period is tolled during any period if the failure to try

the accused was caused:

        By continuance granted on the motion of the accused or his
        counsel, or by concurrence of the accused or his counsel in
        such a motion by the attorney for the Commonwealth, or by
        the failure of the accused or his counsel to make a timely
        objection to such a motion by the attorney for the
        Commonwealth.

The dispositive issue on appeal is whether the defendant's

actions in the circuit court tolled the statutory speedy trial

period for at least 56 days of the total time that he remained

in custody awaiting trial after his preliminary hearing.

In a preliminary hearing on March 20, 1997, the Juvenile and Domestic Relations District Court of the City of Petersburg found probable cause to believe that the defendant Wayne Lenardo Heath had committed the crime of first-degree murder and certified the charge to the grand jury. Heath was incarcerated at the time of his preliminary hearing and remained continuously in custody thereafter until his case was tried in the circuit court on October 15, 1997, a time period of five months plus 56 days after the probable cause finding in the district court.

The record discloses that during the five-month period following Heath's preliminary hearing, the circuit court entered three orders. One order, not endorsed by counsel, was entered on July 8. This order recited action taken by the court at a May 6 hearing, in which the court sustained the Commonwealth's motion that a sample of blood be taken from the defendant, and that the case be continued to May 15 to be reset for trial. Another order, which was endorsed by counsel for defendant as "Seen," was entered on May 15 and reflects the court's action in once again ordering that a blood sample be taken from the defendant. The order further provided that the defendant be given "any scientific findings" made in relation to the testing of the blood sample, but did not specify a date by which these results must be produced or set a date for trial of the case. The blood tests that were the subject of this order were

2

conducted on October 6, and the test results were filed with the circuit court on October 10.

A third order, dated August 1, granted the defendant's motion made under Code § 19.2-169.1 for a determination of his competency to stand trial. In the order, the circuit court directed that the results of this examination be provided to counsel for the defendant by September 12. The defendant states on brief that a report containing the results of the examination was filed with the circuit court on September 10.

Although there were three "term," or "docket call," days between May 6 and August 1, the record in this case does not contain any orders other than the three described above;[1] nor does the record contain any motion requesting that the case be fixed for trial. However, the Commonwealth and the defendant are in agreement on appeal that at the term day on September 18, the circuit court ordered that the case be tried on October 15. The record does not disclose, and the defendant does not claim, that the defendant objected to the action of the court in fixing the trial date.

On October 8, the defendant filed a motion to dismiss the indictment, alleging that the Commonwealth had violated the

---

[1] In 1997, term days in criminal cases in the circuit court were the third Thursday of each month except the month of August. Criminal cases were "set" on term day. Appendix to Rule 1:15(d) of the Rules of the Supreme Court of Virginia.

3

speedy trial provisions of Code § 19.2-243. The court denied the motion on the ground that the speedy trial period had been tolled between the time of the defendant's motion for a psychiatric examination and the date fixed for the beginning of the trial.

The defendant was subsequently tried by the court, convicted of the charge, and sentenced to confinement in the penitentiary for a period of 69 years and five months. In an unpublished opinion, a panel of the Court of Appeals reversed the defendant's conviction, primarily on the ground that he was not responsible for any of the delays that occurred prior to the trial of the case. Heath v. Commonwealth, Record No. 0203-98-2 (July 6, 1999). Upon a rehearing en banc, the Court of Appeals affirmed Heath's conviction, principally for the reasons assigned by the trial court. Heath v. Commonwealth, 32 Va. App. 176, 183 (2000). We granted Heath an appeal.

Heath argues that the Commonwealth must be charged with the entire delay in bringing him to trial because the Commonwealth waited until September 18 to obtain a trial date. He contends that his request for a psychiatric examination did not contain a request for a continuance and could not have tolled the statutory speedy trial period, since the blood tests requested by the Commonwealth were not completed until after he received

the results of his psychiatric examination.  We disagree with Heath's arguments.

The protections granted in Code § 19.2-243 may be waived. Stephens v. Commonwealth, 225 Va. 224, 233-34, 301 S.E.2d 22, 27-28 (1983); Brooks v. Peyton, 210 Va. 318, 321, 171 S.E.2d 243, 246 (1969).  When a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order.  See Code § 19.2-243(4); Commonwealth v. Hutchins, 260 Va. 293, 297-98, 533 S.E.2d 622, 624-25 (2000).

We need not consider whether the time periods covered by the orders of May 15 and July 8 are subject to the tolling provisions of Code § 19.2-243(4), because the orders entered on August 1 and September 18 resolve the defendant's speedy trial claim.  Here, the order of August 1 granted the defendant's motion for a psychiatric examination, which included a request to determine the defendant's competency to stand trial.  The motion implicitly requested the circuit court to continue the case so that this psychiatric examination could be performed. Thus, the defendant's motion triggered the statutory tolling provisions of Code § 19.2-243(4) and stopped the running of the five-month speedy trial period between August 1 and September 10, a period of 40 days.  See id.; see also Stephens, 225 Va. at

5

233-34, 301 S.E.2d at 27-28 (defendant's filing of motion to suppress evidence with written memoranda requiring careful study by circuit court necessitated continuance chargeable to defendant).  This 40-day period effected by the August 1 order must therefore be subtracted from the total time that the defendant was held in custody awaiting trial after his preliminary hearing.  See Code § 19.2-243(4).

Our conclusion is not altered by the fact that Heath's motion for a psychiatric examination was made when no trial date had been fixed and trial of the case had been delayed by the Commonwealth's request for the performance of certain blood tests.  Heath's motion affirmatively demonstrated that he was not ready for trial and could not proceed until he received the results of his psychiatric examination.  Thus, it is of no consequence that the results of the blood tests were still pending and no trial date had been fixed because, manifestly, a trial could not have been held as long as the issue of Heath's mental competency remained unresolved.  Accordingly, the period of time effected by the August 1 order was properly chargeable to him.

Finally, we conclude that the 27-day period between September 18, when the court ordered a trial date, and the date of trial, October 15, must also be subtracted from the total

6

time the defendant was in custody awaiting trial.[2] The defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4). See Hutchins, 260 Va. at 297-98, 533 S.E.2d at 624-25. The above 27-day period, when added to the earlier 40-day period, yields a total of 67 days chargeable to the defendant. When we subtract these 67 days from the total time the defendant was in custody awaiting trial, the record demonstrates that he was tried well within the five-month period required by Code § 19.2-243.[3]

Accordingly, the judgment of the Court of Appeals will be

Affirmed.

---

[2] We need not consider whether the eight days between September 10 and 18 are chargeable either to the Commonwealth or to the defendant.

[3] This holding obviates a discussion of the defendant's remaining contentions.

7