COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


ALEXANDER WAYLAND HUDSON, A/K/A
 ALEXANDER WAYLAND SHEFFEY, A/K/A
 ALEXANDER WAYLAND HUDSON-SHEFFEY
                                                OPINION BY
v.    Record No. 2891-01-3        JUDGE WALTER S. FELTON, JR.
                                             NOVEMBER 26, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                    William N. Alexander, II, Judge

          Christopher K. Kowalczuk for appellant.

          Leah A. Darron, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Alexander Hudson was convicted by a jury of robbery, in

violation of Code § 18.2-58.  He contends that the trial court

erred in denying his motion to dismiss because his right to a

speedy trial was violated.  We affirm the judgment of the trial

court.

                         I.   BACKGROUND

     On December 31, 2000, Alexander Hudson, who was fourteen

years old, was charged in two petitions with capital murder in

the commission of a robbery, in violation of Code § 18.2-31(4),

and robbery, in violation of Code § 18.2-58.  He was taken into

custody and transported to the Roanoke Valley Juvenile Detention

Center.  On February 1, 2001, a Franklin County Circuit Court

judge called the Commonwealth's Attorney and Hudson's attorney to his chambers for a docketing conference. The purpose was to set a trial date in the event Hudson was indicted and his case transferred from the juvenile and domestic relations district court to the circuit court. The trial judge proposed a July 9, 2001 trial date, but the Commonwealth's Attorney requested more time. The judge set the trial date for July 18, 2001. The parties stipulated that at that time both the attorney for Hudson and the Commonwealth's Attorney agreed to the July 18, 2001 trial date.

The trial court did not enter an order memorializing the trial date because Franklin County does not have docket calls and does not enter such orders. Rather, the agreed upon trial date was entered into the circuit court's case management system, which prepares a docket showing all the agreed upon trial dates. This document becomes the official docket. The trial judge's secretary entered the agreed upon trial dates of July 18 and 19, 2001, into the case management system, which was memorialized in a written case management update contained in the record and dated February 1, 2001. Subsequently, the official docket showed July 18 and 19, 2001, as the dates for Hudson's trial.

On February 12, 2001, the juvenile and domestic relations district court found probable cause on the capital murder and robbery charges against Hudson. Therefore, he was automatically

-

transferred to the circuit court to be tried as an adult. Following the probable cause finding, Hudson did not object to the July 18, 2001 trial date to which he previously agreed on February 1. On March 5, 2001, a grand jury indicted Hudson on both charges. On April 13, 2001, the circuit court ordered Hudson to be transferred from the juvenile detention facility to the Franklin County jail where he remained incarcerated until July 15, 2001.

Prior to trial, Hudson's attorney filed numerous motions. He appeared and argued those motions in court on April 20, 2001, June 22, 2001, and July 9, 2001. The court entered orders reflecting its rulings on those motions on April 25, 2001, June 25, 2001, and July 17, 2001, respectively. The June 25 and July 17 orders both reflected that the case was "continued" to July 18, 19, and 20, 2001 for a jury trial. However, the trial judge and the parties agreed on the record that these were not continuances in the sense of setting a later trial date, but were merely a recitation of the previously agreed upon and set trial dates. No objections were made to the trial dates.

On July 15, 2001, at approximately 8:10 a.m., Hudson was released from the Franklin County jail upon the ex parte motion of the Commonwealth's Attorney. He was released on a personal recognizance bond. At approximately 3:00 p.m. that same day, at a previously scheduled pretrial chamber conference, Hudson filed with the circuit court judge, a motion to dismiss the charges

-

based upon statutory and U.S. constitutional speedy trial grounds.  On July 17, 2001, Hudson filed an amended motion to dismiss, adding state constitutional grounds.

On July 18, 2001, the parties filed a written stipulation of facts relevant to the motion to dismiss.  The stipulations reflected that on February 1, 2001, the parties had agreed to the July 18, 2001 trial date and that the case had never been continued.  After hearing counsel's arguments, the trial court denied the motion to dismiss.

The transcript of the July 18, 2001 hearing showed that the trial judge found the key issue to be whether Hudson had concurred or acquiesced in the setting of the trial date outside the five-month speedy trial period provided for under Code § 19.2-243.  The trial court found that when the case was set for trial on February 1, 2001, all parties were aware that Hudson's preliminary hearing was set for February 12, 2001.  Yet, Hudson agreed to and did not object to the trial date being set for July 18, 2001, which was more than five months from February 12, 2001.

On July 20, 2001, Hudson was acquitted of capital murder and first-degree murder, a lesser-included offense having been given to the jury.  He was, however, convicted of robbery.  He appeals that conviction.

## II.  ANALYSIS

This case is illustrative of the importance for trial courts to document and memorialize that a trial date is set within the statutory speedy trial time periods set forth in Code § 19.2-243.  It is equally important for the trial court to assure that the record of the case affirmatively reflects whether the defendant waives any statutory or constitutional rights when the initial trial date is set beyond the statutory time period.  The issue we are asked to decide is whether Hudson, by affirmatively agreeing to a trial date beyond the time period established in Code § 19.2-243, waived his right to be tried within the time periods set by statute.  We conclude he did.

### A.  CONSTITUTIONAL CHALLENGE

Hudson argues that his state and federal constitutional rights to due process and a speedy trial were violated because his statutory right was violated.  See U.S. Const. amend. VI; Va. Const. art. I, § 8.  Hudson offered no authority in support of this argument, and his contention is without merit.  It is well settled that a violation of a statutory right does not implicate a violation of a constitutional right.  See Horne v. Commonwealth, 230 Va. 512, 518-19, 339 S.E.2d 186, 190-91 (1986); Miller v. Commonwealth, 16 Va. App. 977, 981, 434 S.E.2d 897, 900 (1993).  He affirmatively agreed to the trial date and offered no claim of constitutional prejudice resulting from the

-

setting of the trial date.  We hold that under these circumstances Hudson waived any constitutional speedy trial claim.  See Jackson v. Commonwealth, 258 Va. 625, 499 S.E.2d 514 (1998); see also, Barker v. Wingo, 407 U.S. 514 (1972). Therefore, we address only Hudson's statutory challenge.

B.  STATUTORY CHALLENGE

Code § 19.2-243 has been held to be a legislative interpretation of what constitutes a speedy trial.  Stephens v. Commonwealth, 225 Va. 224, 229-30, 301 S.E.2d 22, 25 (1983) (citing Flanary v. Commonwealth, 184 Va. 204, 35 S.E.2d 135 (1945)).  Code § 19.2-243 states in pertinent part:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
>
> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.

-

　　　　*　　*　　*　　*　　*　　*　　*

　　　　The provisions of this section shall not
　　　　apply to such period of time as the failure
　　　　to try the accused was caused:

　　　　　　*　　*　　*　　*　　*　　*　　*

　　　　4.  By continuance granted on the motion of
　　　　the accused or his counsel, or by
　　　　concurrence of the accused or his counsel in
　　　　such a motion by the attorney for the
　　　　Commonwealth, or by the failure of the
　　　　accused or his counsel to make a timely
　　　　objection to such a motion by the attorney
　　　　for the Commonwealth, . . . .

"[T]he protections granted under [this] Code section[] are not

self-operative and may be claimed or waived."  Stephens, 225 Va.

at 230, 301 S.E.2d at 25.

　　　In Heath v. Commonwealth, 261 Va. 389, 541 S.E.2d 906

(2001), the Court was asked to determine whether Heath's actions

in the circuit court tolled the statutory speedy trial period

for fifty-six days of the total time that he remained in custody

awaiting trial following his preliminary hearing.  Wayne Heath

was charged with first-degree murder.  A preliminary hearing was

held in the juvenile and domestic relations district court on

March 20, 1997, where the charge was certified to the grand

jury.  Heath was incarcerated at the time of the preliminary

hearing and remained continuously incarcerated until his case

was tried on October 15, 1997, a time period fifty days beyond

the statutorily mandated five-month period between the

preliminary hearing and trial.  Id. at 391, 541 S.E.2d at 907.

During the five-month period following Heath's preliminary hearing, the circuit court entered three orders. One order, not endorsed by counsel, was entered on July 8 and recited the action taken by the court at a May 6 hearing. The July 8 order stated the case would be continued to May 15, 1997 to be reset for trial. The second order, endorsed by Heath's counsel as "seen," was entered on May 15 and reflected the court's action regarding certain tests that were ordered. The third order, dated August 1, granted Heath's motion for a determination of his competency to stand trial. The record did not indicate any motion requesting that the case be fixed for trial. However, Heath and the Commonwealth agreed that on September 18, 1997, the circuit court ordered the case be tried on October 15. The record did not disclose, and Heath did not claim, that he objected to the court setting trial for that date. Id. at 391-92, 541 S.E.2d at 907-08.

The Virginia Supreme Court held that the orders entered on August 1 and September 18 resolved Heath's speedy trial claim. The August 1 order granted Heath's motion for a psychiatric examination, which included a request to determine his competency to stand trial. That motion implicitly requested the circuit court to continue the case so that the examination could be performed. Thus, the statutory tolling provision of Code § 19.2-243(4) was triggered. Id. at 393, 541 S.E.2d at 908-09. The Court's conclusion was not "altered by the fact that Heath's

motion for a psychiatric examination was made when no trial date had been fixed . . . . Heath's motion affirmatively demonstrated that he was not ready for trial and could not proceed until he received the results of his psychiatric examination." Id. at 393, 541 S.E.2d at 909. Finally, the Court concluded that Heath's failure to object on September 18 to the circuit court's action in fixing the trial date was an acquiescence in fixing the trial date beyond the five-month speedy trial period. That, according to the Court, constituted a continuance of the trial date under Code § 19.2-243(4). Id. at 394, 541 S.E.2d at 909.

In Commonwealth v. Hutchins, 260 Va. 293, 295, 533 S.E.2d 622, 623 (2000), Rudolph Hutchins was arrested on September 18, 1996 and charged with two counts of malicious wounding. Unable to post bond, he remained in custody until trial. On October 23, 1996, Hutchins appeared in the juvenile and domestic relations district court for a preliminary hearing. The charges were certified to a grand jury, and he was indicted on February 10, 1997.

On February 25, 1997, Hutchins appeared in the circuit court for arraignment. He entered pleas of not guilty and requested a jury trial. The court inquired, "If you will sign here that you want a trial by a jury. Friday, June the 6th [1997]?" Hutchins' attorney responded, "That's fine, judge."

-

<u>Id.</u> Hutchins and his attorney then signed the order setting trial for June 6, 1997 and requesting a jury trial.

On May 15, 1997, six months and twenty-two days after the preliminary hearing, Hutchins filed a motion to dismiss the charges against him because of a violation of Code § 19.2-243. He admitted that, on February 25, 1997, the trial court set a trial date of June 6, 1997 to which both the Commonwealth and defendant acquiesced. Hutchins further stated that neither party requested a continuance of that date. The motion was denied, and Hutchins was convicted on one count of malicious wounding. On appeal, the Supreme Court held that "the defendant's actions in acquiescing with and agreeing to the order dated February 25, 1997, signed by the defendant and his counsel, which was entered well within the five-month period, constituted a continuance of the trial date within the intendment of Code § 19.2-243(4)." <u>Id.</u> at 297-98, 533 S.E.2d at 625.

"When a defendant asserts that his statutory right to a speedy trial has been violated . . . the Commonwealth must prove that the delay was based on one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period." <u>Baker v. Commonwealth</u>, 25 Va. App. 19, 22, 486 S.E.2d 111, 113 (1997). While Code § 19.2-243 outlines some exceptions to a speedy trial, the statute is not meant to be all-inclusive.

-

Other exceptions of a similar nature are implied. Stephens, 225 Va. at 230, 301 S.E.2d at 25. We see no difference between a waiver of the defendant's right to be tried within the statutory period by agreeing to or acquiescing to a continuance beyond the time period permitted under the statute, and the defendant initially agreeing to or acquiescing to a trial date beyond the statutory period. See Heath, 261 Va. at 393, 541 S.E.2d at 909.

Like Heath and Hutchins, Hudson acquiesced and agreed to the trial date set by the court. In a written statement of facts submitted pursuant to Rule 5A:8(c), both Hudson and the Commonwealth stipulated that in a docketing conference on February 1, 2001, they agreed upon July 18 and 19, 2001 for trial. Initially, the trial court proposed a date of July 9, 2001, but the Commonwealth requested a little more time. The trial court subsequently proposed July 18 and 19, 2001, dates agreeable to both Hudson's attorney and the Commonwealth.

In addition to affirmatively agreeing to the trial dates in the docketing conference, Hudson continued to acquiesce to the agreed upon trial date by filing and arguing numerous and complex pretrial motions. On April 20, June 22, and July 9, 2001, the trial court heard various motions filed by Hudson. Following the hearings, the court entered its orders, each noting the trial beginning on July 18, 2001. The trial dates were never changed, and at no time did Hudson or his attorney ever object to the dates. Furthermore, there was neither a

-

demand for a prompt trial nor any showing of actual prejudice to Hudson as a result of the delay.  Consequently, it was proper for the trial court and the Commonwealth to conclude that the scheduled trial date, agreed to by Hudson, would be met.

All the parties were aware that the statutory time for a speedy trial started on February 12, 2001, at Hudson's preliminary hearing.  Yet, Hudson agreed to and did not object to the trial date being set for July 18, 2001, a date outside the five-month statutory period.  Hudson's actions in acquiescing with and affirmatively agreeing to the July 18 trial date without objection constituted a waiver of his right to be tried within the time frames set by Code § 19.2-243(4).

The judgment of the trial court is affirmed.

Affirmed.