PRESENT:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Stephenson, S.J.

ALEXANDER WAYLAND HUDSON

v.  Record No. 030294    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        January 16, 2004
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA


In this appeal, we consider whether the Court of Appeals erred in rejecting a defendant's claim that he was denied his right under Code § 19.2-243 to a "speedy trial."

Alexander W. Hudson, a juvenile, was indicted by a grand jury in Franklin County for capital murder in the commission of robbery, in violation of Code § 18.2-31(4), and for robbery, in violation of Code § 18.2-58.  Before trial, Hudson filed a motion to dismiss the charges on the ground that he was denied a speedy trial in violation of Code § 19.2-243.  The circuit court denied Hudson's motion.

A jury acquitted Hudson of the capital murder charge and the lesser-included offense of first degree murder, but found him guilty of the robbery charge.  The circuit court sentenced Hudson to 35 years' imprisonment and suspended the sentence conditioned on his remaining in the custody of the Department of Juvenile Justice until his twenty-first birthday.

Hudson appealed from his conviction to the Court of Appeals, which affirmed the circuit court's judgment.  Hudson v.

Commonwealth, 39 Va. App. 240, 242, 250, 572 S.E.2d 486, 487, 491 (2002). The Court of Appeals concluded that Hudson was not denied his statutory right to a speedy trial because his affirmative agreement to the trial date in the circuit court constituted a waiver of his right to be tried within the time period established in Code § 19.2-243. Id. at 249-50, 572 S.E.2d at 490-91. Hudson appeals.

The relevant facts are not in dispute. On December 31, 2000, when Hudson was 14 years old, he was charged in two petitions initiated in the Franklin County Juvenile and Domestic Relations District Court for the offenses of capital murder and robbery. Hudson was arrested and taken into custody on that date.

On February 1, 2001, the circuit court conducted a "docketing conference" with the parties for the purpose of setting a trial date in anticipation that Hudson's charges would be transferred from the juvenile and domestic relations district court to the circuit court and that Hudson would be indicted on those charges. Hudson's attorneys agreed to a trial date of July 18, 2001, and the circuit court entered this trial date into its automated case management system.

On February 12, 2001, the juvenile and domestic relations district court conducted a preliminary hearing in which it found probable cause to believe that Hudson had committed the charged

2

offenses and transferred the case to the circuit court for Hudson's trial as an adult. The circuit court entered an order permitting the Commonwealth to seek indictments and on March 5, 2001, a grand jury indicted Hudson on the capital murder and robbery charges. Hudson's trial on these indictments began on July 18, 2001.

In its opinion affirming Hudson's conviction, the Court of Appeals held that there is "no difference between a waiver of the defendant's right to be tried within the statutory period by agreeing to . . . a continuance beyond the time period permitted under the statute, and the defendant initially agreeing to . . . a trial date beyond the statutory period." Hudson, 39 Va. App. at 249, 572 S.E.2d at 490. The Court of Appeals further stated:

> The trial dates were never changed, and at no time did Hudson or his attorney ever object to the dates. Furthermore, there was neither a demand for a prompt trial nor any showing of actual prejudice to Hudson as a result of the delay. Consequently, it was proper for the trial court and the Commonwealth to conclude that the scheduled trial date, agreed to by Hudson, would be met.

Id. at 249, 572 S.E.2d at 491.

On appeal to this Court, Hudson argues that the Court of Appeals erred in requiring him to demonstrate "actual prejudice" because the language of Code § 19.2-243 does not require such a showing. Hudson also contends that a criminal defendant does not waive his right to a speedy trial under the statute merely

3

because he does not demand that a trial date be set within the prescribed time period. Hudson asserts that such requirements would render the speedy trial statute meaningless.

Hudson further argues that he could not have waived his right to a speedy trial during the docketing conference on February 1, 2001, because the circuit court did not have jurisdiction over his case, which was not certified to the circuit court until February 12, 2001. Hudson also contends that his agreement to the trial date did not waive the provisions of the speedy trial statute because the trial date was not memorialized in an order of the circuit court.

In response, the Commonwealth argues that Hudson's statutory right to a speedy trial was not violated. The Commonwealth asserts that when a defendant agrees to, or acquiesces in, the entry of an order that effectively continues his case, the statutory period is tolled during the time set by the court in that order. The Commonwealth contends that Hudson affirmatively agreed to the July 18, 2001 trial date, which effectively continued the case until that day.

In resolving this issue, we first consider the language of Code § 19.2-243, which provides in relevant part:

> Where a general district court has found that there is
> probable cause to believe that the accused has
> committed a felony, the accused, if he is held
> continuously in custody thereafter, shall be forever
> discharged from prosecution for such offense if no

4

trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.

If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.

. . . .

The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

. . . .

4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth.

We agree with Hudson that the Court of Appeals erred in basing its holding in part on the lack of prejudice to Hudson resulting from the July 18, 2001 trial date, as well as on Hudson's failure to make an affirmative demand for a speedy trial. The issue whether a defendant's statutory right to a speedy trial has been violated does not rest, even in part, on the existence of prejudice from any delay in his trial date, or on his failure to make an affirmative demand for a speedy trial.

5

Instead, the statute, subject to the exceptions stated therein, focuses strictly on the length of time that has passed from the date of the defendant's preliminary hearing in the district court or, if there was no preliminary hearing, from the date of indictment or presentment in the circuit court.[*]

The protections afforded to a defendant under Code § 19.2-243 are not self-operative and are subject to being waived. Heath v. Commonwealth, 261 Va. 389, 393, 541 S.E.2d 906, 908 (2001); Stephens v. Commonwealth, 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983); Brooks v. Peyton, 210 Va. 318, 321, 171 S.E.2d 243, 246 (1969). In addition, the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied. Stephens, 225 Va. at 230, 301 S.E.2d at 25.

We conclude that the present case is controlled by our holding in Commonwealth v. Hutchins, 260 Va. 293, 533 S.E.2d 622 (2000). There, the defendant was arrested and charged with two

---

[*] This statutory focus presents a distinct contrast with the balancing test employed by the United States Supreme Court to determine whether there has been a violation of a defendant's Sixth Amendment right to a speedy trial. In Barker v. Wingo, 407 U.S. 514, 530 (1972), the Supreme Court stated four factors that must be considered and balanced in determining whether a speedy trial violation has occurred under the Sixth Amendment. Those factors are length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Id. We do not consider these factors in the present case, however, because Hudson has not assigned error in this Court on the basis of a Sixth Amendment right.

6

counts of malicious wounding, in violation of Code § 18.2-51, and was held continuously in custody until his trial. On October 23, 1996, a preliminary hearing was held on these charges, which were certified to a grand jury. Id. at 295, 533 S.E.2d at 623. Following his indictment in the circuit court, the defendant agreed to a trial date of June 6, 1997. This was the original date set for trial and neither the Commonwealth nor the defendant requested a continuance to that date. Id.

We concluded that the defendant's agreement, within the five-month period fixed by Code § 19.2-243, to the order setting the trial date "constituted a continuance of the trial date within the intendment of Code § 19.2-243(4)." Id. at 297-98, 533 S.E.2d at 625. Therefore, we held that the defendant's statutory right to a speedy trial was not violated because he affirmatively agreed to the trial date that was set beyond the time period prescribed by the statute. Id. at 298, 533 S.E.2d at 625.

In the present case, Hudson also agreed to an original trial date beyond the five-month period fixed by Code § 19.2-243. Because Hudson's agreement to the trial date was confirmed by the circuit court before he was indicted, we do not charge Hudson with the time pending before his indictment, but remove from the five-month period only the time between his indictment in the circuit court on March 5, 2001, and his trial on July 18,

7

2001.  When that time is subtracted from the total time Hudson was held continuously in custody from the date of his preliminary hearing, the record shows that Hudson was tried on the capital murder and robbery charges well within the five-month limitation period of Code§ 19.2-243.

We find no merit in Hudson's argument that his agreement to the original trial date is not subject to the exception provided in Code § 19.2-243(4), because a preliminary hearing had not been held when the trial date was set, and an order was not entered memorializing the trial date.  The circuit court had authority to set trial dates for all cases to be tried in that court.  The court's action setting Hudson's trial date necessarily was conditioned on the charges against Hudson being certified to the circuit court after a preliminary hearing.

In addition, we observe that the language of Code § 19.2-243 did not require that the circuit court enter an order specifying the trial date.  Therefore, the court was free to memorialize the trial date by its chosen method of entering the date into the court's automated case management system.

For the reasons stated in this opinion, we will affirm the Court of Appeals' judgment confirming Hudson's conviction.

<u>Affirmed.</u>