COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


SAMMY BERNARD TATE

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2230-03-1              JUDGE JAMES W. BENTON, JR.
                                                     OCTOBER 12, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Louis R. Lerner, Judge

            Carter Phillips (Weisbrod & Phillips, on brief), for appellant.

            Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Appealing his conviction for driving after having been determined an habitual offender, see

Code § 46.2-357, Sammy Tate contends he was denied his statutory right to a speedy trial.  We hold

that the record does not establish a violation, and we affirm the conviction.

                                              I.

        A police officer observed Tate committing traffic violations on June 29, 2002 and arrested

him for the offense of driving after having been determined to be an habitual offender, for the felony

of driving under the influence of alcohol, and for other offenses.  Tate remained continuously

incarcerated after his arrest.

        On August 9, 2002, Tate waived his right to a preliminary hearing on the felony charge of

driving under the influence of alcohol.  A judge then entered orders certifying that charge to the

grand jury and also entered an order of *nolle prosequi* for all the remaining charges.  After the grand

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

jury indicted Tate on the felony charge of driving under the influence of alcohol, the trial for that offense was set for October 22, 2002. On Tate's motion, a judge later continued the trial to December 10, 2002.

On November 4, 2002, a grand jury returned a direct indictment charging Tate with driving after he had been determined to be an habitual offender. The record indicates that the trial for this offense then was set for December 10, 2002 and that Tate appeared in the circuit court on December 10, 2002 for trial on all of the charges. The record also contains an order entered by the trial judge on December 10, 2002, which recites that "[o]n motion of the defendant, by counsel . . . , the Court doth continue these matters until April 15, 2003 . . . with a jury."

Two weeks before the April 15, 2003 trial, Tate's attorney filed a motion "request[ing] . . . a continuance of this matter scheduled for a jury trial on April 15, 2003." On April 15, 2003, the date on which the trial was to occur, the trial judge granted the motion for a continuance, ruling that the trial "has been continued by agreement to August the 4th . . . with a jury." At a hearing on May 28, 2003, the trial judge said he had received letters from Tate "suggesting that he didn't want [the trial] continued that far and he did not authorize a request for a continuance." The trial judge also noted that Tate's attorney "filed a motion . . . to excuse him as counsel as conflicts have arisen between him and . . . Tate as to representation in the court." At the conclusion of the hearing, the trial judge granted the attorney's motion, set the trial for June 25, 2003, and indicated that he would promptly appoint another attorney to represent Tate.

Tate's new attorney filed a motion to dismiss the prosecution for failure to comply with Code § 19.2-243, the "speedy trial" statute. On June 25, 2003, the judge heard argument on the motion prior to the trial and denied the motion. At the conclusion of the trial, the jury convicted Tate of driving after having been determined to be an habitual offender.

II.

In pertinent part, Code § 19.2-243 provides as follows:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.

> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.

>     \*     \*     \*     \*     \*     \*     \*

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

>     \*     \*     \*     \*     \*     \*     \*

> 4.  By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

The parties agree that on August 9, 2002, a judge entered an order of *nolle prosequi* on Tate's charge of driving after he had been determined to be an habitual offender. Tate then remained incarcerated on the felony charge of driving while intoxicated. The record further establishes that on November 4, 2002 a grand jury issued an indictment charging Tate with driving after he had been determined to be an habitual offender. Thus, for purposes of applying Code § 19.2-243, the statutory period of five months must be computed from November 4, 2002. See Kenyon v. Commonwealth, 37 Va. App. 668, 675, 561 S.E.2d 17, 20 (2002) (holding that

- 3 -

"[w]hen the offense is a felony and 'the trial court enters a *nolle prosequi* of [the felony] indictment, it lays "to rest that indictment and the underlying warrant without disposition, *as though they had never existed*"'"); Presley v. Commonwealth, 2 Va. App. 348, 350-51, 344 S.E.2d 195, 196 (1986) (holding that the statutory right to a speedy trial begins to run from the date a grand jury issues a direct indictment where a judge earlier entered an order of *nolle prosequi* on the same charge).

The record indicates that Tate's trial on the charge of driving after he had been determined to be an habitual offender initially was set for December 10, 2002, which was thirty-six days after the grand jury issued the indictment. Although the trial judge held a pretrial hearing on December 10, 2002, Tate did not timely file the transcript of the December 10, 2002 hearing. See Rule 5A:8(b) (providing that "[w]hen the appellant fails to ensure that the record contains transcripts . . . of facts necessary to permit resolution of appellate issues, any assignments of error affected by the omission shall not be considered"). The record contains an order, however, indicating that prior to the scheduled trial on December 10, 2002 the trial judge continued the trial to April 15, 2003 upon Tate's motion. According to the order, this continuance was entered *upon Tate's motion*.

As the Supreme Court has held, "[t]he protections afforded to a defendant under Code § 19.2-243 are not self-operative and are subject to being waived." Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004). In addition, the Court has held that, when a defendant requests or agrees, during the five months statutory period, to schedule a trial date beyond the statutory period, the defendant waives his statutory right to a speedy trial. Id. at 42, 591 S.E.2d at 682 (citing Commonwealth v. Hutchins, 260 Va. 293, 297-98, 533 S.E.2d 622, 625 (2000)). This is so because the defendant's request constitutes a "continuance" of the trial within the meaning of Code § 19.2-234(4). Hudson, 267 Va. at 42, 591 S.E.2d at 682.

- 4 -

In this case, the trial judge's order unambiguously establishes that the continuance from December 10, 2002 to April 15, 2003 was ordered "[o]n motion of the defendant, by counsel." By requesting the continuance of the trial to April 15, 2003, or by agreeing to the continuance without objection, Tate waived his statutory right to a trial within five months of the November 4, 2002 indictment. For this reason, Tate's further claim, that his attorney's April 15, 2003 "unauthorized" request for a continuance of the trial must not be charged against him, is of no moment. Even if we assume this period is charged to the Commonwealth, Tate was tried within the period contemplated by the procedures and exceptions contained in Code § 19.2-234 because the only delay not charged to Tate would be thirty-six days (from November 4 to December 10, 2002) and seventy-one days (from April 15 to June 25, 2003). This period falls well within "[t]he five month requirement of Code § 19.2-243[, which] translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).

Accordingly, we affirm the conviction.

Affirmed.