COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


DERRYL (NMN) THOMPSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0924-05-2                   JUDGE NELSON T. OVERTON
                                                        MAY 30, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge

Ken Lammers, Jr. (Lammers Law Office, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Derryl Thompson was convicted of inflicting bodily injury in violation of Code § 18.2-55.

On appeal, he argues the trial judge erred in denying his motion to dismiss based upon a statutory

speedy trial violation.  We disagree, and affirm.

                                        BACKGROUND

        Thompson was in custody at Beaumont Juvenile Correctional Center (Beaumont) for an

unrelated charge when he was charged with inflicting bodily injury upon a Beaumont employee.

Thompson was an adult at the time of the incident.  On July 23, 2004, the general district court held

a preliminary hearing and the judge found there was probable cause to believe Thompson

committed the crime.  After the preliminary hearing, Thompson returned to Beaumont and remained

there until his trial.  On October 12, 2004, the grand jury indicted Thompson, a judge appointed

counsel, and set Thompson's trial for November 18, 2004.  On November 18, 2004, the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth requested a continuance because the victim was not present. Over Thompson's objection, the matter was continued to December 14, 2004 for the purpose of setting a trial date. On December 9, 2004, defense counsel sent a fax to the Commonwealth's Attorney, notifying him of available dates for trial from December 15, 2004 through March 1, 2005. The fax provided that defense counsel was continuing to object to the November 18, 2004 continuance. On December 14, 2004, the court and the attorney for the Commonwealth set Thompson's trial for January 27, 2005, a date agreeable to defendant's counsel. The trial judge entered an order on December 14, 2004 that provided in part, "with the concurrence of the Attorney for the Commonwealth and Attorney for the defendant, the Court now sets this case for trial on the 27th day of January, 2005." Prior to trial, Thompson moved to dismiss the charge based upon a violation of his statutory right to a speedy trial guaranteed by Code § 19.2-243.

## ANALYSIS

Code § 19.2-243 provides in part:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.

"The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). "The defendant's statutory right to a speedy trial was not violated because he affirmatively agreed to the trial date that was set beyond the time period prescribed by [Code § 19.2-243]." Hudson v. Commonwealth, 267 Va. 36, 42, 591 S.E.2d 679, 682 (2004). "The defendant's failure to object

to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)." Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001). "When the triggering event occurs — such as when the defendant or his counsel agrees either to a continuance or to an original trial date outside the parameters of Code § 19.2-243 or fails to object to same — the statutory time limit is tolled." McCray v. Commonwealth, 44 Va. App. 334, 343, 605 S.E.2d 291, 295 (2004).

Between July 23, 2004, the date of the preliminary hearing, and November 18, 2004, the first date set for Thompson's trial, 118 days elapsed, and this time is charged to the Commonwealth. On November 18, 2004, over Thompson's objection, his trial was continued until December 14, 2004 for the purpose of setting a trial. Twenty-six days elapsed between the November 18 trial date and the December 14 hearing date, and this time is charged to the Commonwealth. A total of 144 days elapsed from the date of the preliminary hearing until December 14, 2004. On December 14, 2004, Thompson agreed to a trial date of January 27, 2005. The January 27, 2005 trial date was beyond the time period of Code § 19.2-243, but Thompson agreed to this date within the five-month period fixed by the statute. At oral argument, defense counsel stated that pursuant to normal court procedures, he was not present when the court and the Commonwealth's Attorney set the trial on January 27, 2005, thus, he was unable to object to the date. However, the December 14, 2004 order provided that defense counsel concurred in the setting of the trial for January 27, 2005, and a court speaks through its orders. See McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997) (holding that "[a] court speaks through its orders and those orders are presumed to accurately reflect what transpired"). Thompson's agreement to a trial date beyond the five-month time period of Code § 19.2-243 tolled the statutory time limit. Based upon the foregoing, the trial court did not err in

denying his motion to dismiss based upon a statutory speedy trial violation, and Thompson's conviction of inflicting bodily injury in violation of Code § 18.2-55 is affirmed.

Affirmed.