COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


CEDRIC PLATHER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1017-08-1                       JUDGE SAM W. COLEMAN III
                                                         MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

            Scott J. Flax (Tavss, Fletcher, Maiden & Reed, P.C., on briefs), for
            appellant.

            Gregory W. Franklin, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Cedric Plather appeals his convictions for robbery, stabbing in the commission of a felony,

and aggravated maiming.  Plather argues the trial judge erred in denying his motion to dismiss due

to a statutory speedy trial violation.  In support of that argument he further contends the court erred

by denying his request to correct a "continuance" order to accurately reflect that no continuance was

requested because no trial had been scheduled and rather this was merely the initial scheduling

hearing.  We agree that the trial court failed to grant appellant a speedy trial within the requirements

of Code § 19.2-243.[1]  Accordingly, we reverse the convictions, and dismiss the indictments.

        On April 14, 2007, Plather was arrested for robbery, unlawful stabbing in the commission of

a felony, and malicious wounding.  On May 8, 2007, a preliminary probable cause hearing was

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because the record enables us to determine the nature of the proceedings before the trial
court, without regard to the order being styled a "Continuance Order," we need not specifically
address whether the court erred by refusing to modify the order.

held, at which Plather was bound over to the grand jury. On July 2, 2007, Plather was indicted for robbery, unlawful shooting in the commission of a felony, and aggravated malicious wounding.[2] On July 9, 2007, Plather appeared in court on the July 2 indictments. Plather informed the court that he had retained attorney Scott J. Flax and that he wanted a jury trial. Flax was not present at the hearing. The court asked the prosecutor for available trial dates, and the prosecutor provided dates in October. The court then set the trial for October 31, 2007 and stated, "and this will be on defendant's motion for Cedric Plather." The court instructed Plather to inform his attorney of the trial date. The July 9, 2007 order, memorializing the proceedings, was styled a "Continuance Order," and provided, "On the motion of the defendant, by counsel there being no objection on behalf of the Assistant Attorney for the Commonwealth, the Court doth continue this matter until October 31, 2007, at 9:00 o'clock A.M. for a jury trial." Neither counsel endorsed the order as the court dispensed with the attorneys' endorsement pursuant to Rule 1:13. The order also stated that Jeffery Flax, and not Scott J. Flax, represented Plather. Plather was continuously held in custody from the time of his arrest until the day of his trial.

On October 31, 2007, the trial was continued by agreement of the parties to November 20, 2007. On November 20, 2007, over Plather's objection, the trial was continued on the court's own motion because another case had run longer than expected. The trial was continued and rescheduled for January 11, 2008. On January 8, 2008, Plather filed a motion to dismiss due to a statutory speedy trial violation. The court denied the motion and then in a bench trial convicted Plather of the three charges. Prior to sentencing, Plather filed a motion to rehear the speedy trial issue and, during that hearing, Plather requested modification of the July 9 order to correctly style it a "scheduling order," not a "continuance order." The court refused to modify

---

[2] The malicious wounding charge was not presented to the grand jury, and Plather was directly indicted for aggravated malicious wounding.

the order and found that the July 9 "continuance" order tolled the running of the speedy trial clock from that date until October 31, the date the matter was first set for trial.

ANALYSIS

"Under Code § 19.2-243, 'an incarcerated accused held continuously in custody shall be brought to trial within five months after a general district court finds probable cause to believe that the [accused] has committed a crime.'" Norton v. Commonwealth, 19 Va. App. 97, 99, 448 S.E.2d 892, 893 (1994) (quoting Shearer v. Commonwealth, 9 Va. App. 394, 399, 388 S.E.2d 828, 830 (1990)). "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). This "five-month period begins to run on the day after the preliminary hearing at which probable cause is found." Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998). Where there is no preliminary hearing, the statute runs from the date of the indictment. Code § 19.2-243.

Code § 19.2 243(4), however, states that the provisions of the section do not apply if the failure to try the accused was caused:

> By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance.

If the accused is not tried within this time period, "the burden is on the Commonwealth to explain the delay." Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984). "[T]he proper assessment and determination of the merits of a Code § 19.2-243 claim involve a review of the whole record and a consideration of the trial court orders in the context of the

record that comes before us." Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (*en banc*).

Plather and the Commonwealth agree that the validity of Plather's convictions turns on whether the time period between July 9, 2007 and October 31, 2007 should be charged to Plather in calculating the five-month time period. If this time period is not chargeable to Plather, his trial was held beyond the five-month time period in violation of Code § 19.2-243.

Relying upon Hudson v. Commonwealth, 267 Va. 36, 591 S.E.2d 679 (2004), and Commonwealth v. Hutchins, 260 Va. 293, 533 S.E.2d 622 (2000), the Commonwealth argues Plather's agreement to the initial scheduling of a trial date constitutes a continuance within the intendment of Code § 19.2-243. In Hudson, a fourteen-year-old defendant was charged with two felonies in petitions initiated in the juvenile and domestic relations district court (JDR court) on December 31, 2000. Hudson, 267 Va. at 38, 591 S.E.2d at 680. On February 1, 2001, the circuit court conducted a "docketing conference" for the purpose of setting a trial date in anticipation that the defendant's charges would be transferred from the JDR court to the circuit court and that the defendant would be indicted on the charges. The defendant's attorneys agreed to a trial date of July 18, 2001. Id. at 39, 591 S.E.2d at 680. On February 12, 2001, the JDR court conducted a preliminary hearing and transferred the case to the circuit court for the defendant's trial as an adult. On March 5, 2001, a grand jury indicted the defendant for the two felony charges. Id. In finding there was no statutory speedy trial violation, the Court stated:

> [The defendant] also agreed to an original trial date beyond the five-month period fixed by Code § 19.2-243. Because [the defendant's] agreement to the trial date was confirmed by the circuit court before he was indicted, we do not charge [the defendant] with the time pending before his indictment, but remove from the five-month period only the time between his indictment in the circuit court on March 5, 2001, and his trial on July 18, 2001.

Id. at 42, 591 S.E.2d at 682.

- 4 -

In Hutchins, the defendant appeared in the JDR court for a preliminary hearing on October 23, 1996 for two felonies, was indicted on February 10, 1997, and made his first appearance in circuit court on February 25, 1997. Hutchins, 260 Va. at 295, 533 S.E.2d at 623. At the February 25, 1997 hearing, the defendant was arraigned and entered not guilty pleas to the charges, requested a jury trial, and agreed to a June 6, 1997 trial date – a date which was beyond the five-month statutory speedy trial limitation. Id. The Court held no statutory speedy trial violation had occurred, finding that the time period between February 25, 1997 and June 6, 1997 was not included in calculating the five-month time period because, on February 25, 1997, the defendant acquiesced and agreed to a trial on June 6, 1997. Id. at 298, 533 S.E.2d at 625.

This case differs from both Hudson and Hutchins because Plather's initial trial date was not set beyond the five-month statutory time period. When Plather first appeared before the trial court on July 9, 2007, the court stated that the purpose of the hearing was to "tell us who you've hired for an attorney." After Plather stated that Scott J. Flax was his attorney and he wanted a jury trial, the trial court stated, "Let's set a date then for a jury." There is no suggestion in the record that the Commonwealth was prepared for trial on July 9, 2007 or that the court was prepared to conduct a trial on the charges. The court then set a trial date within the five-month time period. The "time elapsing from the finding of probable cause to the *initial trial date*, even though the accused concurs in the trial date, is not a continuance within the contemplation of subsection (4) of the statute, but counts against the Commonwealth in a calculation of compliance." Ballance, 21 Va. App. at 6, 461 S.E.2d at 403 (emphasis added). According to the Commonwealth's reasoning, Plather was required to object to the setting of a trial date within the five-month period in order for that time not to toll the running of the statute. There would, however, be no basis for Plather to object to the court setting the matter for trial within the five-month time period.

Plather also argues the trial court erred in denying his motion to correct the July 9, 2007 "continuance" order to accurately reflect what occurred at the hearing.

"A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). This presumption applies where an order conflicts with a transcript of the subject proceedings. See Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979). Even so, "we are not restricted to the precise, technical wording of a court's order when other evidence in the record clearly establishes that the court had a different intent." McBride, 24 Va. App. at 36, 480 S.E.2d at 129. "The burden is on the party alleging an irregularity in a court proceeding to show affirmatively from the record that the irregularity exists." Howerton v. Commonwealth, 36 Va. App. 205, 212, 548 S.E.2d 914, 917 (2001).

In this case, Plather has rebutted the presumption of correctness that the July 9, 2007 order was in fact a "continuance." The July 9 hearing was held just seven days after Plather was indicted for the three felony charges. At the beginning of the hearing, the court stated that the purpose of the hearing was for Plather to "tell us who you've hired for an attorney." Plather informed the court that he had retained Scott J. Flax and that he wanted a jury trial. Scott J. Flax was not present at the hearing. The order entered after the July 9 hearing stated that Plather's counsel was Jeffery Flax, that Jeffery Flax was present, and that the subject of the hearing was on Plather's motion. The transcript and record show that the July 9, 2007 order had the wrong name for Plather's counsel, that no defense counsel was present at the hearing, that Plather had not filed a motion, and that he made no oral motion at the hearing. Plather has affirmatively shown from the circumstances of the case and from the transcript of the hearing that the July 9, 2007 order was not a continuance of his trial, but it was a docketing hearing to set the initial trial

date.  Accordingly, the record shows that the July 9, 2007 order was not a continuance for trial purposes that tolled the running of the statutory speedy trial limitation.

Based upon the foregoing, the time period between July 9, 2007 and October 31, 2007 was not chargeable to Plather.  Thus, Plather's trial was not held within the mandatory five-month period of Code § 19.2-243 and the trial court erred in denying his motion to dismiss. Accordingly, Plather's convictions for robbery, stabbing in the commission of a felony, and aggravated maiming are reversed and the indictments are dismissed.

<u>Reversed and dismissed.</u>