COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Petty
Argued at Salem, Virginia


 RONNIE LEE HOWARD

                                                                OPINION BY
v.        Record No. 0413-09-3                      JUDGE LARRY G. ELDER
                                                              DECEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                            Michael S. Irvine, Judge

        Seth C. Weston (Law Office of Seth C. Weston, Esq., on brief), for
        appellant.

        Rosemary V. Bourne, Assistant Attorney General (William C.
        Mims, Attorney General, on brief), for appellee.


        Ronnie Lee Howard (appellant) appeals from his bench trial convictions for breaking and

entering and credit card theft.  On appeal, he contends the convictions violated his speedy trial

rights under Code § 19.2-243 and the United States and Virginia Constitutions.  He challenges

both a continuance granted on the court's motion and a continuance granted because of the

Commonwealth's alleged failure to provide court-ordered discovery in a timely fashion.  We

hold no violation of appellant's statutory speedy trial rights occurred because appellant failed to

object to the continuance resulting from the trial court's motion and, thus, the running of the

speedy trial statute was tolled during that period.  As a result of this ruling, we need not consider

whether the second continuance tolled the running of the statute.  We also hold appellant failed

to preserve for appeal his claim of a violation of his constitutional speedy trial rights.  Thus, we

affirm his convictions.

I.

BACKGROUND

On March 3, 2008, a grand jury returned a direct indictment against appellant for the instant offenses committed in Botetourt County. He was arrested that same day, and he was held continuously in custody thereafter. The matter was set for trial on May 22, 2008.

On May 21, 2008, the day prior to the date scheduled for trial, the trial court entered an order indicating the cases "have been continued, at the request of the Court, until July 3, 2008 at 1:30 p.m." No transcript or statement of facts regarding any proceeding related to that continuance is contained in the record, and appellant later conceded that he did not object to the court's continuance and agreed to the new date set for trial.

On June 11, 2008, appellant requested issuance of a subpoena *duces tecum* for copies of documents related to his arrest and any related searches. Although the discovery order entered April 8, 2008, covered these items, appellant argued that they were not contained in the Botetourt County prosecutor's files and were instead in the custody of the Roanoke City Police Department. He requested that the items be delivered to the Botetourt County Circuit Court clerk's office by noon on July 2, 2008, the day before the continued trial date. The court issued the subpoena on June 13, 2008, and it was served on June 16, 2008.

On July 3, 2008, appellant's counsel and the Commonwealth's attorney appeared in the trial court and informed the court they were not ready for trial. Appellant's counsel indicated he had not received the discovery the court had ordered and that he had attempted to obtain via alternative means in a timely fashion. As a result, he argued the continuance should not be charged to him for speedy trial purposes. The trial court agreed, stating, "[s]ince it was the discovery issue, that he had no part in not getting the discovery[,] I don't see any reason . . . why

we should charge it to him." The trial court entered an order continuing the case until August 14, 2008, which reflected that the continuance was at the request of the Commonwealth.

On August 4, 2008, appellant moved to dismiss on speedy trial grounds. He averred that neither the May 21 nor the July 3, 2008 continuance was chargeable to him and, thus, that the Commonwealth was required to see that trial commenced by August 4, 2008. He alleged that failure to try him by that date violated both Code § 19.2-243 and his state and federal constitutional speedy trial rights.

A hearing on the motion was held August 14, 2008, before a different judge. Appellant's counsel argued that nothing in the statute required him to object to a continuance made at the court's request and that the statute had to be construed narrowly. He also pointed out that the new trial date was within the statutory speedy trial period such that he had no reason to object at that point. The Commonwealth responded that pursuant to the Virginia Supreme Court's decision in Hudson v. Commonwealth, 267 Va. 36, 591 S.E.2d 679 (2004), appellant still had to object to the May 21 court continuance for purposes of preserving his speedy trial rights. It also argued that appellant was not prepared to go forward on July 3 and did not object to the July 3 continuance because asking to have that continuance charged to the Commonwealth did not constitute an objection.

The trial court ruled that although appellant did not waive his speedy trial rights as to either continuance, he also did not object to either the May 22 to July 3 continuance or the July 3 to August 14 continuance, and he admitted he was not ready for trial on July 3. Thus, the court denied appellant's motion to dismiss.

In the bench trial that followed, the trial court found appellant guilty of the charged offenses. After sentencing, appellant noted this appeal.

II.

ANALYSIS

A.

SPEEDY TRIAL STATUTE

Virginia's speedy trial statute provides in relevant part as follows:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .
>
>      \*     \*     \*     \*     \*     \*     \*
>
> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five . . . month[] period[] . . . shall commence to run from the date of his arrest thereon.
>
>      \*     \*     \*     \*     \*     \*     \*
>
> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
>
>      \*     \*     \*     \*     \*     \*     \*
>
>    4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

Code § 19.2-243.

The five-month requirement translates "to 152 and a fraction days." E.g. Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). If the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay. Heath v. Commonwealth, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (en banc), aff'd, 261 Va. 389, 541 S.E.2d 906 (2001).

- 4 -

Although Code § 19.2-243 does not mention continuances required by the court, the Virginia Supreme Court has held that "the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are to be implied." Hudson, 267 Va. at 41, 591 S.E.2d at 682. In keeping with this principle, the Supreme Court has held that a defendant's failure to object to *the court's* fixing a trial date which is beyond the speedy trial limit, where no trial date has previously been set, is the functional equivalent of failing to object to a continuance requested by the Commonwealth that places the trial date beyond the speedy trial limit. Heath, 261 Va. at 394, 541 S.E.2d at 909 (holding the "defendant's failure to object to the court's action in fixing the [initial] trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)"); see also Commonwealth v. Hutchins, 260 Va. 293, 297, 533 S.E.2d 622, 625 (2000) (involving parties who "acquiesced" in an initial trial date beyond the five-month period); Hudson v. Commonwealth, 39 Va. App. 240, 249, 572 S.E.2d 486, 490 (2002) (holding, based on Heath, that there is "no difference between a waiver of a defendant's right to be tried within the statutory period by agreeing to . . . a continuance beyond the time period permitted under the statute, and the defendant initially agreeing to . . . a trial date beyond the statutory period"), aff'd, 267 Va. 36, 591 S.E.2d 679 (2004) (quoting the Court of Appeals' language and citing Hutchins to affirm on this point). Similarly, the Court has held that "[w]hen a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order." Heath, 261 Va. at 393, 541 S.E.2d at 908.

Thus, although the statute specifically refers only to continuances granted at the request of the defendant or the Commonwealth, the Court has made clear that acquiescence in the entry of any order that continues a case—whether at the request of the Commonwealth *or on the*

*court's own motion*—even where the new date is within the speedy trial limit, effectively tolls the running of the speedy trial statute. Id. If a defendant wishes to preserve his speedy trial rights under Code § 19.2-243 when the court requires a continuance, a defendant must object to the continuance even if the new trial date is within the applicable time limit set out in the statute. See id.

Accordingly, the five-month speedy trial period was tolled from May 22 to July 3, 2008. Thus, we conclude that appellant's trial on August 14, 2008, occurred within the five-month period specified by Code § 19.2-243,[1] and we need not consider whether the speedy trial statute was tolled during the continuance from July 3 to August 14, 2008.

B.

CONSTITUTIONAL SPEEDY TRIAL RIGHTS

Appellant, in his "Motion to Dismiss Due to Violation of [Code §] 19.2-243," also argued as follows:

> 11. The Virginia Supreme Court has written, "The defendant's right to a speedy trial is one accorded him under the sixth amendment of the United States Constitution and under article I, section 8 of the Virginia Constitution. This right has been supplemented by Code §§ 19.2-241 and 19.2-243, held to be a legislative interpretation of what constitutes a speedy trial." Stephens v. Commonwealth, 225 Va. 224, 229-30, 301 S.E.2d 22, 25 (1983) (footnote omitted).

> 12. Therefore, the failure to commence trial by August 4, 2008, not only violates Virginia Code § 19.2-243, but also violates the defendant's U.S. and Virginia Constitutional rights.

Settled principles provide that appellant's brief reference to the constitutional issue in his written motion was insufficient to preserve this aspect of the claim for appeal. See

---

[1] The speedy trial calculation for the period from March 3, 2008, to the trial on August 14, 2008, minus the tolling between May 22, 2008, and July 3, 2008, was 122 days, well below the 152-and-a-fraction-days limit.

Commonwealth v. Hilliard, 270 Va. 42, 53, 613 S.E.2d 579, 586 (2005) (holding party failed to preserve issue concerning Sixth Amendment right to counsel where he mentioned it in his written motion to suppress, but did not raise it in argument on the motion, in which he referred only to his Fifth Amendment right to counsel claims, and did not ask the trial court to rule on the claim). "Pursuant to Rule 5A:18, absent good cause or to attain the ends of justice, we will not consider on appeal an argument that was not presented to the trial court, even if it involves constitutional claims." Ashby v. Commonwealth, 33 Va. App. 540, 544-45, 535 S.E.2d 182, 185 (2000) (holding constitutional speedy trial claims barred).

Further, the ends-of-justice exception to Rule 5A:18 does not apply. "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). In reviewing an alleged constitutional speedy trial violation, the Court must consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to defendant. Barker v. Wingo, 407 U.S. 514, 530, 533, 92 S. Ct. 2182, 2192, 2193, 33 L. Ed. 2d 101, 117, 118 (1972). Here, appellant's only basis for his claim of *constitutional* speedy trial error is that, assuming no tolling, his trial occurred 12 days beyond the limit of the speedy trial *statute* and, thus, that it violated not only the statute but also his constitutional speedy trial rights. However, we have already held appellant's trial did not violate the speedy trial statute because it was tolled for 42 days. Further, *inter alia*, appellant has made no allegation that he was prejudiced by the fact that, assuming no tolling of the statute, his trial occurred 12 days beyond the five-month statutory limit. Thus, appellant has failed to prove a miscarriage of justice, and the ends-of-justice exception to Rule 5A:18 does not apply.

III.

We hold no violation of appellant's statutory speedy trial rights occurred because appellant failed to object to the continuance effected on the trial court's motion and, thus, the running of the speedy trial statute was tolled during that period.  As a result of this ruling, we need not consider whether the second continuance tolled the running of the statute.  We also hold appellant failed to preserve for appeal his claim of a violation of his constitutional speedy trial rights.  Thus, we affirm his convictions.

<u>Affirmed.</u>