COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


MICHAEL GARDNER

v.     Record No. 2367-09-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
DECEMBER 14, 2010


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Westbrook J. Parker, Judge

James L. Grandfield, Public Defender (Office of the Public
Defender, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Michael Gardner (appellant) was convicted by the trial court of aggravated malicious

wounding (under Code § 18.2-51.2); shooting, stabbing, cutting, or wounding in the commission

of a felony (under Code § 18.2-53); and robbery (under Code § 18.2-58).[1]  On appeal, appellant

argues that the trial court erred when it did not dismiss those charges for failure of the

Commonwealth to prosecute them within the time afforded by Virginia's speedy trial statute,

Code § 19.2-243.  For the following reasons, we affirm the convictions.

I. BACKGROUND

Appellant was indicted on June 25, 2008, was arrested the following day, and remained in

custody until his trial.  At appellant's July 23, 2008 arraignment, the parties agreed on a trial date of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant challenged the sufficiency of the evidence supporting these convictions in his petition for appeal, but this Court did not grant an appeal on that issue.

October 6, 2008. Three days prior to this anticipated trial date, the trial court granted appellant's motion for a continuance and set a new trial date of January 15, 2009.

On January 14, 2009, the Commonwealth moved for a continuance claiming that one of its witnesses, Detective McCarley, was on active military duty and unavailable to appear at trial. The trial court conducted a hearing and granted the Commonwealth's continuance motion, noting in its written order that the continuance was granted under Code § 19.2-243(2) because "Det. McCarley is currently on active military duty." The court set a new trial date of April 23, 2009.

A transcript of the January 14, 2009 hearing is not a part of the record on appeal. Appellant failed to file the transcript within sixty days after entry of the final judgment in the trial court as explicitly required by the Rules of the Court of Appeals of Virginia. See Rule 5A:7(a)(7), 5A:8(a).

On April 23, 2009, appellant moved to dismiss the charges, contending that the trial had not occurred within the statutory speedy trial period. Appellant's counsel made no specific arguments in support of this motion, and no evidence concerning the Commonwealth's earlier continuance motion was presented at that time. Noting that Detective McCarley had been "kept away" under Code § 19.2-243(2),[2] the trial court denied appellant's motion to dismiss the charges.

## II. ANALYSIS

Code § 19.2-243 provides that, "[i]f an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein," the five-month statutory

---

[2] Appellant never challenged the entry of the trial court's written order of April 23, 2009, *nunc pro tunc* January 29, 2009, in which the trial court found that Detective McCarley had been "kept away" under Code § 19.2-243(2). This order replaced the trial court's earlier January 29, 2009 written order granting the Commonwealth's motion for a continuance.

speedy trial period "shall commence to run from the date of his arrest thereon" – which, in this case, was June 26, 2008. "The five-month requirement translates 'to 152 and a fraction days.'" Howard v. Commonwealth, 55 Va. App. 417, 423, 686 S.E.2d 537, 540 (2009) (quoting Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995)). However, Code § 19.2-243 provides for tolling of this time period for several reasons, such as "[f]or the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident." Code § 19.2-243(2).[3]

Appellant argues that the continuance from January 15, 2009 to April 23, 2009, should be included in the five-month limitation period set by Code § 19.2-243, which would put the start of his trial outside the 152 and a fraction days. He claims that the "kept away" tolling provision in Code § 19.2-243(2) does not include situations like Detective McCarley's active military duty. However, it is impossible for this Court to evaluate the propriety of the trial court's finding that Detective McCarley was "kept away" under subsection (2) of this statute. The record does not contain the transcript of the January 14, 2009 hearing during which the parties addressed this issue.[4]

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower

---

[3] The statutory speedy trial time period is also tolled "[b]y continuance granted on the motion of the accused or his counsel." Code § 19.2-243(4). Appellant concedes that the continuances from July 7, 2008 to July 23, 2008 and from October 6, 2008 to January 15, 2009 were not attributable to the Commonwealth under the speedy trial statute because those continuances resulted from appellant's own motions.

[4] Appellant also contends that a witness is "kept away" within the meaning of Code § 19.2-243(2) only when the defendant is the cause for the witness being kept away. It is unclear whether appellant actually made this specific argument to the trial court since the transcript of the January 14, 2009 hearing is not a part of the record on appeal. Therefore, we do not address the merits of this argument. See Rule 5A:8.

court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Therefore, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

It is clear from the April 23, 2009 transcript, which is a proper part of the record on appeal, that the factual circumstances pertinent to Detective McCarley's inability to testify on the scheduled January 15, 2009 trial date were developed and argued during the January 14, 2009 hearing on the Commonwealth's continuance motion. However, appellant failed to ensure that the transcript of the January 14, 2009 hearing was a part of the record on appeal, and "[t]his Court has no authority to make exceptions to the filing requirements" of the Rules of the Court. Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

Furthermore, the transcript of the April 23, 2009 hearing contains only brief and incomplete references to the facts presented at the January 14, 2009 hearing. For example, although the prosecutor noted at the April 23, 2009 hearing that Detective McCarley was in Japan on active military duty during January 2009, the transcript of that April 23, 2009 hearing sheds no light on important factual considerations including, but not limited to, in what branch of the military the detective served; what efforts, if any, the Commonwealth took to request the detective's presence at trial; what response, if any, the military made to this request; and what the military's terms for returning the detective to Virginia to appear at trial were (if the military even agreed to McCarley's returning to testify). This April 23, 2009 hearing transcript also contains no references to the specific arguments appellant made in opposition to the Commonwealth's motion for a continuance

during the January 14, 2009 hearing. Thus, the transcript of the April 23, 2009 hearing certainly is insufficient for evaluating the trial court's ruling that Detective McCarley had been "kept away" under Code § 19.2-243(2).

Based on this scant record, therefore, we cannot conclude that the trial court's ruling that Detective McCarley had been "kept away" under the speedy trial statute, which is presumed to be correct, was instead erroneous. See Justis, 202 Va. at 632, 119 S.E.2d at 256-57.

### III. CONCLUSION

Appellant failed to ensure that the record on appeal contained the transcript of the January 14, 2009 hearing, and this transcript is "necessary to permit resolution of appellate issues." Rule 5A:8(b)(4)(ii). Therefore, the record on appeal is inadequate to determine whether the trial court erred when it found that Detective McCarley was "kept away" under Code § 19.2-243(2). Accordingly, for the foregoing reasons, we affirm appellant's convictions.

Affirmed.