COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, AtLee and Malveaux
Argued at Norfolk, Virginia


ARNOLD JAMES PRICE, JR.

v.        Record No. 0384-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE WESLEY G. RUSSELL, JR.
JUNE 5, 2018


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge[1]

(Stephanie G. Johnson; Stephanie G. Johnson, P.C., on brief), for
appellant.  Appellant submitting on brief.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Arnold James Price, Jr., appeals his conviction for abuse or neglect of an incapacitated adult

in violation of Code § 18.2-369.  On appeal, he asserts that the circuit court erred in refusing to

dismiss the charge for an alleged violation of his statutory speedy trial rights.[2]  We disagree and

affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Michelle J. Atkins presided over the August 3 and December 2, 2016 hearings that resulted in continuances being granted.  Judge Doyle presided over the hearing on appellant's motion to dismiss and ultimately entered the sentencing order denying appellant's motion to dismiss and accepting his guilty plea, which is the order from which this appeal is taken.

[2] On appeal, appellant does not assert a constitutional speedy trial claim.

BACKGROUND

Price was arrested on April 25, 2016 and remanded to jail. He waived his right to a preliminary hearing and was indicted by a grand jury on July 6, 2016. On July 7, 2016, the circuit court entered a scheduling order setting the matter for trial for August 3, 2016.[3] The order noted that Price anticipated entering a guilty plea at that time.

On the trial date, Price informed the court that he had decided not to plead guilty. He requested a continuance to allow time for additional discovery and requested funds to retain an investigator to locate a potential witness. In response, the Commonwealth requested a jury trial and anticipated that the trial could take two days. With no earlier dates available on the court's calendar, and with the apparent agreement of the parties, the court set December 5, 2016 as the trial date.

The parties were provided a preprinted, fill-in-the blank "Continuance Order" to fill out and present to the court for signature and entry. Counsel retired to the rear of the courtroom to fill out the order. During the process of filling out the order and while the court was hearing another matter, counsel for Price indicated to the judge that there was an unspecified issue the parties needed to take up regarding the order.

The court took a recess, expecting to hear the unspecified matter at the conclusion of the recess. When the court returned from the recess, the parties were gone and a continuance order signed by both parties was sitting on the bench. The trial court concluded that the parties had resolved the dispute.

The parties reappeared on the issue that afternoon having notified the court that there was a disagreement regarding the order. Specifically, after the attorney for the Commonwealth had endorsed the order, counsel for Price, without the Commonwealth's knowledge, added language to what was written on the order. The additional language detailed against whom various time periods

---

[3] The order expressly provides that "[t]his case shall be tried at 9:30 a.m. on 8-3, 2016."

would run for speedy trial purposes. The court admonished Price's counsel that it was not appropriate to alter the order without the other party's knowledge and then submit it to the court as an agreed order.

The parties and the court then took up the issue of against whom the various time-periods within the continuance would be charged for the purposes of speedy trial. Price argued that, although the August 3 trial date had to be moved because of his request for a continuance, he would be prepared to go forward with the trial no later than September 3.[4] Price reasoned that any further delay in trial was due to the Commonwealth's request for a jury trial and the court's unavailability to conduct a jury trial until December 5, 2016. According to Price, none of the time after September 3, 2016 should be counted against him for speedy trial purposes.

In responding, the Commonwealth argued that the time period that the court was not available should not be counted against the Commonwealth, and thus, the speedy trial clock should be tolled from October 17, 2016, the first date that the Commonwealth was available for a jury trial, until December 5, 2016, the first day the court was available for a jury trial. The Commonwealth did agree that the time period between the initial 31-day portion of the continuance and October 17, 2016, the first date that the Commonwealth was available for a jury trial, would be counted against the Commonwealth for speedy trial purposes.

The court adopted the parties' agreement regarding how the time period from August 3 through October 17, 2016 would count for speedy trial purposes. Specifically, the speedy trial clock was to be tolled from the original trial date through September 3, 2016. From then, the clock would run against the Commonwealth through October 17, 2016.

---

[4] We note that September 3, 2016 was the Saturday of Labor Day weekend, making it unlikely that appellant or anyone else would have suggested it as an actual trial date.

With no agreement as to how the time between October 17 and December 5, 2016 should be counted for speedy trial purposes, the court had to resolve the matter. The circuit court rejected Price's argument that the Commonwealth was responsible for the court's unavailability and ruled that the time between October 17 and December 5, 2016 would be tolled for speedy trial purposes. From the bench, the court stated that

> [f]rom October 17th until the December date . . . , it will be a joint motion. Based on what I just heard, it will be a joint motion. It won't count against the Commonwealth. It will be a joint motion. The [c]ourt doesn't have that date. That's the [c]ourt's ruling.

The court provided the parties with another preprinted, fill-in the-blank "Continuance Order" and directed them to prepare "a new order and make sure [the court's ruling is] clear on the order." The parties filled in the blanks in the order in handwriting. In the blank noting which party had moved for the continuance, the parties wrote "joint mo[tion] (see below)." From "(see below)," the parties drew an arrow to another space on the order where they had written: "*8/03-9/03 [defendant's] mo[tion]"; "*9/03-10/17 [Commonwealth's] mo[tion]"; and "*10/17-12/05 [court] ordered/joint mo[tion]."[5] The parties signed the order "We ask for this," and neither party placed an objection of any kind on the order. The order was then presented to the court, which entered it the next day, August 4, 2016.

On December 2, 2016, the parties appeared before the court on a scheduling matter. Specifically, the Commonwealth moved to continue the matter because there had been a death in the family of the assistant Commonwealth's attorney who was to try the case, requiring her to attend an out-of-town funeral on December 5, 2016, the day trial was set to commence. Price objected to the continuance.

---

[5] The parties used a triangle to indicate "defendant," "CW" to indicate "Commonwealth," and "Ct" to indicate "court."

- 4 -

Finding good cause, the court granted the continuance, noting from the bench that it was "going to give you a continuance. Of course, you can't help that there's a death in your family." The Commonwealth indicated that its first available date to try the case was January 11, 2017, and Price's counsel indicated that she was available. The court, however, was not available for that date; March 1, 2017 ultimately was selected as the trial date.

From the bench, the court gave no indication as to how the continuance should be counted for speedy trial purposes. The parties were given another preprinted, fill-in-the-blank "Continuance Order" to fill out. That order provides that "on motion of the Commonwealth, for good cause shown, over objection, it is [o]rdered that the trial of this case be continued from 12/5/16 to 3/1/17."[6] The order specifies that the "good cause" for the continuance is that the assistant Commonwealth's attorney trying the case had suffered "a death in the family."

In handwriting near the top of the entered order, appellant noted an objection to the continuance. Also at the top of the order in handwriting is a notation that an unspecified portion of the continuance will be counted against the Commonwealth for the purposes of speedy trial. At the bottom of the order, the following appears in handwriting: "Commonwealth and [d]efense counsel [are] available on 1/11/2017 – the court is not available [until] February – [d]efense counsel unavailable until March 1, 2017. Speedy trial to run against the Commonwealth 12/05/16- 1/11/2017." Price endorsed the order "seen and objected to."

On February 3, 2017, Price filed a motion to dismiss the indictment based on an alleged violation of his statutory speedy trial rights. He argued that, even subtracting the time he believed should be attributed to his initial request for a continuance, he had been held in continuous custody since his indictment for longer than the five-month period permitted by Code § 19.2-243. He

_____

[6] Preprinted on the order as part of a sentence is the following: "for good cause shown, over objection/by agreement[.]" On the entered version of the order, "for good cause shown" appears as printed, "over objection" is circled, and "by agreement" is stricken through.

argued that any time periods that were the result of the unavailability of the Commonwealth or the court could not be considered tolled for the purposes of Code § 19.2-243 or the Sixth Amendment.

The court, with a different judge presiding, heard the motion on February 28, 2017, which was 237 days from the indictment. Price made the same arguments regarding tolling as he had made at the prior hearing continuing the matter. The court rejected the argument. In doing so, the court specified multiple grounds for its denial of the motion.

First, although it acknowledged that the August 4, 2016 continuance order had "some mediated notes" at the bottom referring to speedy trial, the court did not consider those part of the order.[7] Instead, the court concluded that in the blank describing who had requested the continuance, the order reflected the continuance was granted "on joint motion," and thus, the entire period from August 3, 2016 and December 5, 2016 was "all tolled" for speedy trial purposes. The court noted that subtracting that time period from the period of time since Price had been indicted resulted in a time that was "well within speedy trial statutes . . . ."

Alternatively, the court ruled that the speedy trial statute was not violated even if it were to accept that the various notations on the August 4 and December 2 continuance orders were considered part of the orders. Specifically, the court stated that, if the time the notations on the order charged to the Commonwealth was counted against the Commonwealth and that times that the notations indicated that the speedy trial clock was tolled were given effect, a March 1, 2017 trial would be timely.[8]

In light of the court's denial of his motion to dismiss, Price entered a conditional guilty plea that day, which was accepted by the court. Pursuant to the plea, Price was sentenced to eight years

---

[7] In reaching this conclusion, the court noted that it did not "have the transcripts of what was said . . . ."

[8] The court did not specify what it determined the time calculations in the orders to be.

- 6 -

imprisonment with six years suspended; however, the conditional plea specifically reserved his right to appeal the denial of his motion to dismiss for the alleged violation of his speedy trial rights. This appeal followed.

ANALYSIS

On appeal, Price contends the trial court erred in denying the motion to dismiss he made pursuant to Code § 19.2-243. He argues his statutory right to a speedy trial was "denied as the total number of days [he] was held and not brought to trial is beyond five [] months." He contends it was error for the circuit court to toll the speedy trial clock for the period of October 18 through December 5, 2016 after the first continuance and for any portion of the delay after the second continuance.

I. Standard of Review

"Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the [C]ourt." Brown v. Commonwealth, 57 Va. App. 381, 389-90, 702 S.E.2d 582, 586 (2010) (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (*en banc*)). "Although [the circuit court's] orders facilitate the assessment of responsibility for delay and the determination of the merits of a Code § 19.2-243 claim, such orders do not and should not limit the scope of appellate review." Baity, 16 Va. App. at 503, 431 S.E.2d at 894. "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo.*'" Brown, 57 Va. App. at 390, 702 S.E.2d at 586 (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)).

II. Code § 19.2-243 and the Rulings of the Trial Court

Code § 19.2-243 provides, in pertinent part, that

> [w]here a general district court has found that there is probable cause
> to believe that an adult has committed a felony, the accused, if he is

- 7 -

held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five . . . month[] period[], . . . shall be from the date an indictment or presentment is found against the accused.

Thus, Code § 19.2-243 "expressly includes two 'shall' commands:  (1) a trial 'shall' be scheduled within certain time limits and (2) if the court inexcusably fails to do so, the defendant 'shall be forever discharged from prosecution for such offense.'" Rickman v. Commonwealth, 294 Va. 531, 539, 808 S.E.2d 395, 399 (2017).

We note that "[t]he Supreme Court has said that 'it is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice.'" Wallace v. Commonwealth, 65 Va. App. 80, 89, 774 S.E.2d 482, 486 (2015) (quoting Fowlkes v. Commonwealth, 218 Va. 763, 766, 240 S.E.2d 662, 664 (1978)), aff'd, 292 Va. 1, 798 S.E.2d 595 (2016).  Nevertheless, the time period specified in the statute is not absolute.  The statute tolls the running of time for seven specified reasons.  Most pertinent here, the clock is tolled if

the failure to try the accused was caused: . . .

2.  By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident; . . . [or]

4.  By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance . . . .

The list is not exhaustive, but rather, extends to judicially recognized exceptions based on "circumstances 'beyond the control of the trial judge and the parties,' when delays are warranted to 'ensure a fair trial to both the accused and the Commonwealth.'" Schwartz v. Commonwealth, 45

Va. App. 407, 426, 611 S.E.2d 631, 641 (2005) (quoting Baity, 16 Va. App. at 502, 431 S.E.2d at 894). The burden is on the Commonwealth to demonstrate that any particular period of delay is excusable. Wallace, 65 Va. App. at 89, 774 S.E.2d at 486 (citations omitted).

Because Price was in continuous custody throughout the proceedings and waived his preliminary hearing, he was required to be tried within five months of his indictment. "The five-month requirement translates 'to 152 and a fraction days.'" Howard v. Commonwealth, 55 Va. App. 417, 423, 686 S.E.2d 537, 540 (2009) (quoting Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995)). "If the time thus calculated exceeds 152 and a fraction days, the defendant 'shall be forever discharged from prosecution for such offenses.'" Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998) (quoting Code § 19.2-243).

In this case, the speedy trial clock began to run on July 7, 2016, the day after Price was indicted. Code § 1-210(A); see also Randolph v. Commonwealth, 22 Va. App. 334, 335, 470 S.E.2d 132, 133 (1996). Although Price's trial ultimately was rescheduled for March 1, 2017, February 28, 2017, became appellant's trial date for speedy trial purposes when he entered his conditional guilty plea. See Code § 19.2-243 ("[A] trial is deemed commenced at the point when jeopardy would attach or when a plea of guilty or *nolo contendere* is tendered by the defendant."). Thus, 237 days elapsed between indictment and trial. Accordingly, absent a sufficient portion of the time being chargeable to Price or tolled, he was not tried within the statutory period.

In ruling on the motion to dismiss, the circuit court found that the initial continuance was the result of a joint motion, and therefore, the speedy trial clock was tolled for the period of time between the initial trial date and December 5, 2016. See Code § 19.2-243(4). The entirety of this continuance was 124 days; thus, if it is not counted for speedy trial purposes, Price was held only for 113 days pending trial and there was no violation of his speedy trial rights.

However, the circuit court's ruling in this regard was based on its conclusion that the portions of the August 4 order that described how the court and the parties had allocated responsibility for the delay occasioned by changing the initial trial date were not part of the order. The circuit court reached this conclusion without access to the prior hearing transcripts, which make clear that those portions are part of the order, were what the court ruled, and were present on the order when the judge entered it the day after the hearing. Thus, the notations are part of the order, and the circuit court could not ignore them in disposing of the motion to dismiss.[9]

The Commonwealth also urges us to affirm based on the circuit court's alternative basis for its ruling. Specifically, the Commonwealth notes that the circuit court also ruled that if it accepted all of the handwritten notations on the August 4 and December 2 orders and gave effect to whom those orders charged portions of the continuances, Price was timely tried. We cannot affirm on this basis because Price challenges how the circuit court apportioned the time as reflected in those orders, claiming that various periods of time should not be deemed tolled or charged to him. Accordingly, giving deference to the circuit court's factual findings, we must review each of the relevant time periods to determine which time periods are properly charged to the Commonwealth and which time periods are tolled or properly charged to Price.

---

[9] The Commonwealth correctly notes that we owe deference to the circuit court's interpretation of its own orders. See, e.g., Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002). Such deference, however, is not unlimited, and a "circuit court's authority to interpret its order is subject to judicial review and . . . [, to be upheld, its] interpretation must be reasonable." Roe v. Commonwealth, 271 Va. 453, 457-58, 628 S.E.2d 526, 528 (2006). Any reasonable interpretation of an order must take into account *all* of the language contained on the face of the order when the circuit court enters it, even if that language is in handwriting. This is especially true when the court elects to provide the parties with a fill-in-the-blank form order that necessitates that portions of the order will be in handwriting. If a circuit court does not intend something appearing on the face of the order to be a part of the order, it should enter an order without that language.

III.  Counting the Days

To determine if Price was tried timely, we review each of the relevant time periods.  For each period that is properly deemed tolled or charged to Price, we subtract that number of days from the 237 days between Price's indictment and his guilty plea.  If the resulting total does not "exceed[] 152 and a fraction days," the circuit court correctly denied the motion to dismiss.  Robinson, 28 Va. App. at 152, 502 S.E.2d at 706.

A.  July 7, 2016 through August 3, 2016

There is no dispute that the twenty-eight-day period from Price's indictment to the original scheduled trial date is chargeable to the Commonwealth.

B.  August 4, 2016 through September 3, 2016[10]

Price concedes and the circuit court's August 4 order provides that this thirty-one-day period is chargeable to Price.  See also Code § 19.2-243(4) (providing that the speedy trial clock is tolled for "such period of time [that] was caused . . . [b]y continuance granted on the motion of the accused or his counsel").  Accordingly, we subtract this thirty-one-day period from the 237-day total, leaving a total of 206 days between Price's indictment and trial.

C.  September 4, 2016 through October 17, 2016

By the express terms of the August 4 order, the circuit court charged this period of time to the Commonwealth.  In this Court, the Commonwealth argues that this time period should not

_____

[10] The August 4 order set out various periods of time that included the same date as the ending date for one-time period and also the beginning date of the next period.  For example, it charges Price with the time period from August 3 to September 3, the Commonwealth with the period of time from September 3 to October 17, and tolls the speedy trial clock for the period from October 17 to December 5.  Because September 3 and October 17 are each only one day, neither can be counted twice for speedy trial purposes.  Accordingly, consistent with the counting convention set out in Code § 1-210(A), we interpret the order as including the last date in its description in the first period of time and begin counting for the next period of time on the next day.  For example, September 3 is counted as part of the time chargeable to Price and the next period, which the order charges to the Commonwealth, begins on September 4.

be counted against it because Price's request to continue the August 3 trial date caused the need to find a new date and the fact that Price claimed he could be ready to try the case before the next available date for the Commonwealth does not make that time chargeable to the Commonwealth.

In general, there is merit in the Commonwealth's argument. When a defendant's request for a continuance causes the delay, the period of delay to the next trial date is chargeable to the defendant. Code § 19.2-243(4). Absent unusual circumstances, the "period of delay" will include the delay associated with finding the next available date for the Commonwealth and the court, and thus, is chargeable to the defendant.[11]

Although this is the general rule, it does not apply here. In the proceedings below, the Commonwealth and Price *agreed* that the time period between September 4, 2016 and October 17, 2016 should be counted against the Commonwealth for the speedy trial purposes, and the circuit court incorporated that agreement into the August 4 order. Even if the Commonwealth's agreement was predicated on a misapprehension of the law, it would be fundamentally unfair to allow the Commonwealth to reverse on appeal its earlier position, a position on which Price had every right to rely. See generally, Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (recognizing that a "party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory" (internal quotation marks and citation omitted)). Because the Commonwealth's current position, that the time period between September 4, 2016 and October 17, 2016 should

---

[11] A simple example demonstrates that adopting Price's theory that a defendant can determine the amount of time chargeable to him as a result of his request for a continuance would lead to absurd results. Assume that a trial set for 150 days after indictment is continued on the defendant's request because a witness is hospitalized and will not be available for one week. However, the trial cannot be rescheduled for the next week because both the trial court and the Commonwealth are unavailable because of a capital murder trial that has been scheduled on the docket for over a year. Accepting Price's theory would result in an inability to try the defendant who requested and benefitted from the continuance within the speedy trial period. Such a result is inconsistent with Code § 19.2-243(4).

not count for speedy trial purposes, is wholly inconsistent with its position below, the time period must be charged against the Commonwealth.

### D. October 18, 2016 through December 5, 2016

As noted above, absent unusual circumstances, the period chargeable to a defendant as a result of his request to continue a scheduled trial date includes any delay associated with finding the next available trial date for the Commonwealth and the court. Code § 19.2-243(4). Unlike the period of time from September 4, 2016 through October 17, 2016, the Commonwealth has never agreed that the period of time from October 18, 2016 through December 5, 2016 should be charged against it. To the contrary, the Commonwealth has consistently maintained this period should not be counted for speedy trial purposes.

In the absence of such an agreement, the general rule applies. Accordingly, the speedy trial clock was tolled for this forty-nine-day period, and we subtract this period from the 206 days remaining in the speedy trial calculus, leaving a total of 157 days.

### E. December 6, 2016 through February 28, 2017

The circuit court charged the first 37 days of this continuance to the Commonwealth, reasoning that the Commonwealth's request for a continuance caused the delay and the Commonwealth had indicated that January 11, 2017 was its first available trial date. However, the circuit court was unavailable that day and settled on March 1, 2017, the first trial date available for the court, the Commonwealth, and Price. Apparently concluding that it would be unfair to charge the Commonwealth with delays associated with the unavailability of the court or Price's counsel, the circuit court tolled the speedy trial clock for the remaining forty-eight days of the continuance.

Rather than address the way the circuit court divided the continuance, we simply address whether the speedy trial clock was tolled during any portion of the continuance. We recognize

that the 85-day delay between December 6, 2016 and February 28, 2017 was necessitated by the Commonwealth's request for a continuance. Accordingly, unless an exception that would toll the speedy trial clock for at least five days applies, the Commonwealth failed to try Price by the statutory deadline.

As noted above, the delineated exceptions that toll the running of the speedy trial clock found in Code § 19.2-243 are not exhaustive. Schwartz, 45 Va. App. at 426, 611 S.E.2d at 641. If the reason for a continuance is of a like kind and nature to a listed exception, the speedy trial clock is tolled. Howard, 55 Va. App. at 423, 686 S.E.2d at 540.

Here, the circuit court expressly found "good cause" for the continuance given that it was necessitated by a death in the family of the assistant Commonwealth's attorney who was to try the case. No one challenges that the death and subsequent funeral necessitated moving the December 5, 2016 trial date. Although not a listed exception, such a circumstance certainly is "beyond the control of the trial judge and the parties," Baity, 16 Va. App. at 502, 431 S.E.2d at 894, and thus, is similar to the exceptions listed in Code § 19.2-243.

Our conclusion that a death in the assigned prosecutor's family tolls the speedy trial clock is informed and ultimately controlled by the recent decision of this Court in Wallace.[12] In Wallace, the Commonwealth requested a continuance the day before trial because the assigned prosecutor's child had an out-of-state medical emergency requiring hospitalization and the prosecutor would not be able to be present in court the next day. 65 Va. App. at 86, 774 S.E.2d at 485. Finding good cause, the trial court continued the matter over the defendant's objection. On appeal, after acknowledging that "a prosecutor's family emergency is not one of the [expressly] enumerated

---

[12] Although we cite to this Court's decision in Wallace, we note that, in a published order, the Supreme Court affirmed both our decision and our reasoning, stating: "for the reasons stated in the opinion of the Court of Appeals, we will affirm the judgment." Wallace v. Commonwealth, 292 Va. 1, 1, 798 S.E.2d 595, 595 (2016).

reasons for delay in Code § 19.2-243[,]" id. at 93, 774 S.E.2d at 488, we held that Code

§ 19.2-243(2), which tolls delays attributed to "the witnesses for the Commonwealth being enticed

or kept away, or prevented from attending by sickness or accident[,]" applied to the scenario.

Relying on Supreme Court precedent establishing that "the exceptions stated in the statute are not

meant to be all-inclusive, and other exceptions of a similar nature are implied[,]" id. at 93, 774

S.E.2d at 488 (quoting Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004), we

reasoned that the unavailability of the prosecutor in that case was sufficiently similar in nature to the

absence of a witness to deem the delay excusable under the statute. Rejecting Wallace's contention

that another attorney could have tried the case in the assigned prosecutor's stead, we stated:

> The prosecutor, like a witness for the Commonwealth, is necessary
> for the Commonwealth to properly present its case against a
> defendant. Like a witness, the prosecutor has special knowledge of
> the legal and factual issues inherent in the case and, like a witness,
> cannot simply be replaced at a moment's notice. A jury trial cannot
> go forward in the absence of any of the main participants, and a
> prepared prosecutor is undoubtedly one of those main participants.
> When, due to factors beyond his or her control, an assigned
> prosecutor is unable to be present for trial in a case such as this, a
> "delay[] [is] warranted to 'ensure a fair trial to both the accused *and
> the Commonwealth*.'" ([E]mphasis added). Here, the trial court
> made a factual finding that the prosecutor could not be present for
> trial due to a legitimate and serious family medical emergency.
> While not one of the exceptions specifically set out in Code § 19.2-
> 243, that finding is most certainly an "'excuse[] fairly implacable by
> the Courts from the reason and spirit of the law.'"

Id. at 94-95, 774 S.E.2d at 489 (internal citations omitted). As regards the need for a continuance,

we can divine no reasonable distinction between a prosecutor's absence to attend to a family

medical situation and such an absence to attend a family funeral. Accordingly, consistent with

Wallace, the speedy trial clock was tolled for more than five days during the final continuance, and thus, Price was timely tried.[13]

In reaching this conclusion, we acknowledge that neither the circuit court nor the parties referred to Wallace in the proceedings below and that it was first raised during oral argument in this Court. Although not a basis for the ruling below, it is a legitimate ground for affirmance under the right result, wrong reason doctrine. "Under the right result for the wrong reason doctrine, it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons." Perry v. Commonwealth, 280 Va. 572, 579, 701 S.E.2d 431, 435 (2010) (alteration and ellipsis in original) (internal quotation marks and citations omitted).[14]

We may rely on an alternative ground to affirm when such a result is supported by the record. The Supreme Court has held that "[t]he record supports an alternative ground when it reflects that all evidence necessary to that ground was before the circuit court. And if that evidence was conflicting, then the record must show how the circuit court resolved the dispute . . . ." Banks v. Commonwealth, 280 Va. 612, 617, 701 S.E.2d 437, 440 (2010). Here, there is no conflict in the evidence; it is undisputed that a death in the prosecutor's family necessitated the Commonwealth's continuance request. Accordingly, we affirm the circuit court's denial of Price's motion to dismiss.

---

[13] Given the procedural posture of the case, it is not clear whether the circuit court's decision to charge the first thirty-seven days of the final continuance to the Commonwealth is properly before us. We need not resolve that question because our conclusion regarding the last forty-eight days of the final continuance, which the circuit court did not charge to the Commonwealth, is sufficient to resolve the case.

[14] Because the Commonwealth is the appellee, the failure of the Commonwealth to raise this argument in the trial court does not preclude us from considering the argument on appeal. Harris v. Commonwealth, 39 Va. App. 670, 675, 576 S.E.2d 228, 231 (2003) (*en banc*) ("Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal, where the issue is not offered to support reversal of a trial court ruling." (quoting Driscoll v. Commonwealth, 14 Va. App. 449, 451-52, 417 S.E.2d 312, 313 (1992))).

CONCLUSION

For the foregoing reasons, we conclude that there was no violation of Price's statutory speedy trial rights.  Accordingly, we affirm the circuit court's denial of his motion to dismiss.

<u>Affirmed.</u>