COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Lorish and Frucci

KAMRIN LEIGH SMITH

v.      Record No. 0556-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 19, 2025

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge[1]

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, Kamrin Leigh Smith was convicted of unlawful wounding in

violation of Code § 18.2-51.[2]  On appeal, Smith asserts that the evidence was not sufficient to

support his conviction and also argues that he was not tried within the statutory speedy trial

period.  After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).

_____

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Judge Michael A. Gaten presided over Smith's trial and sentencing.  Judge Christopher W. Hutton presided over a hearing on December 16, 2022, that involved continuing the case for a jury trial, finding that the continuance was to an agreed to date and that speedy trial was tolled at that time, and entering the order continuing the matter to June 26, 2023, for a jury trial.

[2] Smith had been indicted for aggravated malicious wounding in violation of Code § 18.2-51.2; however, the circuit court found him guilty of the lesser-included offense.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (citing *Gerald*, 295 Va. at 473).

I.  The Offense

In March 2022, J.A.[3] was "breaking up" with her boyfriend Haywood Krodel. She was at home with Krodel, preparing to move his things out, when Smith arrived at her house to visit with Krodel. J.A. asked Krodel to keep the visit short because she was tired.

Krodel and Smith spent the next hour drinking in the living room. Smith began vocalizing his opinion that women are inferior to men. At that point, J.A. stopped packing, went to the front door and opened it, and told Smith to leave her house. Smith turned to Krodel and said, "you need to check your bitch, I'm about to hit her." Smith then punched J.A. in the face. J.A. lost consciousness. When J.A. awoke, she was covered in blood and missing a tooth. Hampton police were in her house and Smith was gone. J.A. was taken to the emergency room. Following the incident, J.A. suffered from residual cognitive complications including migraines, anxiety, and aphasia.

II.  Selecting a Trial Date

A grand jury direct indicted Smith for aggravated malicious wounding, in violation of Code § 18.2-51.2, on August 1, 2022, and Smith remained in custody afterwards. The circuit court appointed counsel, and the matter was set for docket call on August 9, 2022. A trial date was set for September 19, 2022. However, the trial date was continued numerous times.

---

[3] We use initials, rather than names, to protect the privacy of the victim.

- 2 -

Between September 19, 2022, and December 15, 2022, the circuit court continued the case five times, either at Smith's request, by joint motion, or without objection from Smith.

On December 15, 2022, the case was going to be continued to a previously agreed upon date for a jury trial. The prosecutor handling the case was unavailable, so another attorney from the Hampton Commonwealth's Attorney's Office was standing in for him at the hearing. At the hearing, Smith's attorney wanted to note on the record that she would have been available for an earlier date than what was agreed to. Due to this, the hearing was continued to December 16, 2022. On that date, the circuit court received argument on how the jury date was selected. Afterwards, the circuit court found that the parties agreed to continue the matter to a jury trial set for June 26, 2023, and that speedy trial was tolled until June 26. As a result, a jury trial was set for June 26, 2023.

On June 7, 2023, by Smith's motion, defense counsel withdrew, the circuit court appointed different counsel to represent Smith, and the matter was carried over to June 14, 2023. On June 14, 2023, two weeks out from the jury date, Smith motioned for a continuance to allow time to prepare for trial. The circuit court granted Smith's motion and continued the matter until June 27, 2023, to set a trial date. On June 27, 2023, on Smith's motion, the circuit court continued the matter to July 11, 2023, to set a date for trial. On July 11, 2023, by joint motion of Smith and the Commonwealth, the matter was continued to July 18, 2023, to set a date for trial. On July 18, 2023, defense counsel, again, motioned to withdraw, which the circuit court granted. The circuit court appointed Smith's third counsel, and the matter was reset for August 8, 2023.

On August 7, 2023, Smith moved to dismiss the indictment, asserting that his right to a speedy trial had been violated. As a result, the matter was continued to September 19, 2023, to hear the motion. Smith argued that the speedy trial period, under Code § 19.2-243, had run from the date trial was set, December 16, 2022, to the date for which it was scheduled to begin, June

26, 2023. The Commonwealth proffered evidence that Smith agreed to set the trial after the statutory speedy period ran and, therefore, waived those rights. Smith argued that he objected to the proposed trial date at the December 16, 2022 hearing. The circuit court deferred ruling on the motion and set a trial date for November 13, 2023. At a subsequent hearing, the circuit court noted that a prior ruling held that the speedy trial period had been tolled from December 15, 2022, forward, and it denied Smith's motion. Smith's bench trial occurred on November 13, 2023.

III. The Trial

At trial, Smith conceded that he punched J.A. in the face, but stated he struck only a single blow, that his intention was to hit Krodel, and that J.A. "was just in the way." Smith testified that tensions had risen after Krodel was "rude" to him and the two "had words." According to Smith, J.A. "ran up in between" them. Smith claimed that no one ever told him to leave and that he was trying to get out of the house, but J.A. and Krodel were "blocking" him from exiting the front door. Moments later, Smith responded affirmatively when asked whether J.A. told him to leave. Smith also claimed that Krodel attacked him from behind and was "stabbing [him] in the back of [the] head with a pocketknife." Smith never sought medical attention or treatment for the alleged injuries, and he never filed a complaint with the police about being attacked.

On closing, defense counsel argued that Krodel provoked Smith and that Smith felt trapped and threatened. Based on those contentions, Smith argued that "heat of passion" negated the element of malice. Arguing that the requisite intent for malicious wounding was not present, Smith asked the court to strike the evidence, or in the alternative, consider convicting him of a lesser-included offense—simple assault or unlawful wounding.

- 4 -

The circuit court found J.A.'s testimony to be more credible than Smith's and that the loss of J.A.'s tooth was sufficient to constitute significant physical impairment. The circuit court rejected Smith's provocation argument, though it expressed concern regarding the degree of Smith's intent. Taking the case under advisement, the circuit court set another date for final disposition and sentencing. On March 29, 2024, the circuit court pronounced Smith guilty of unlawful wounding and sentenced him to five years of active incarceration. Smith appeals.

ANALYSIS

I. Right to Speedy Trial

A criminal defendant has the right to a speedy trial under both the United States and Virginia Constitutions. *See* U.S. Const. amend. VI; Va. Const. art. 1, § 8.[4] In addition to this constitutional right, Virginia also provides a defendant with a statutory right to a speedy trial. *See* Code § 19.2-243. "[T]he statutory right to a speedy trial and the constitutional right to a speedy trial are separate, though related, rights that utilize different frameworks and focus on different elements." *Brown v. Commonwealth*, 75 Va. App. 388, 406 (2022). Virginia's speedy trial statute, Code § 19.2-243, surrounds "a specific time limit within which an accused must be tried, absent tolling or other statutory exceptions." *Id.* Whereas "[t]he constitutional right to a speedy trial . . . is governed by a balancing test that is not tied inextricably to calendar dates." *Id.* at 406-07.[5]

---

[4] "Virginia's constitutional speedy trial right is coextensive with the federal right." *Ali v. Commonwealth*, 75 Va. App. 16, 34 (2022). "Accordingly, such claims may be analyzed 'without distinction.'" *Id.* (quoting *Holliday v. Commonwealth*, 3 Va. App. 612, 615 (1987)).

[5] In the case at hand, while Smith's opening brief included legal authority surrounding the existence of a constitutional right to a speedy trial and his motion to quash the indictment referenced the United States Constitution, his argument before the trial court and on appeal surrounded the statutory right to a speedy trial. "Settled principles provide that appellant's brief reference to the constitutional issue in his written motion [is] insufficient to preserve this aspect of the claim for appeal." *Howard v. Commonwealth*, 55 Va. App. 417, 425 (2009). "Pursuant to Rule 5A:18, absent good cause or to attain the ends of justice, we will not consider on appeal an

The specific time limit to commence the start of a trial under Code § 19.2-243 is dependent upon the pretrial custody status of the defendant. For example, "if an adult defendant 'is held continuously in custody' for a felony offense," then "he 'shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months' from the date the indictment 'is found against the accused' or the date of his arrest, whichever is later." *Brown*, 75 Va. App. at 405. The time periods to which trial should commence under the statute, "however, [are] 'not absolute' and [are] subject to tolling." *Id.* (citation omitted); *see* Code § 19.2-243 (enumerating time periods where the count for a speedy trial is tolled). For example, "[w]hen a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the five-month speedy trial period" is tolled during that continuance time period and the delay in commencing trial is excused. *Heath v. Commonwealth*, 261 Va. 389, 393 (2001).

When a delay to the commencement of trial is challenged, "[T]he burden of demonstrating that [the] delay . . . is excused under Code § 19.2-243 lies upon the Commonwealth." *Brown v. Commonwealth*, 57 Va. App. 381, 389 (2010) (first alteration in original) (quoting *Robinson v. Commonwealth*, 28 Va. App. 148, 153 (1998)). "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." *Id.* at 389-90 (quoting *Baity v. Commonwealth*, 16 Va. App. 497, 503 (1993) (en banc)). "[A] statutory speedy trial challenge presents a mixed question of law and fact." *Ali v. Commonwealth*, 75 Va. App. 16, 29 (2022) (alteration in original) (quoting *Young v.*

---

argument that was not presented to the trial court, even if it involves constitutional claims." *Id*. Smith does not assert the good cause or ends of justice exceptions to Rule 5A:18, and we will not do so sua sponte. *See Jacks v. Commonwealth*, 73 Va. App. 473, 479 n.3 (2021).

*Commonwealth*, 297 Va. 443, 450 (2019)).  We defer "to the trial court's factual findings but review[] legal issues *de novo*."  *Id.*

In the case at hand, Smith's argument rests *solely* on the fact that more than 152 days lapsed from December 16, 2022, to June 26, 2023.[6]  Although the lapse in time is correct, the circuit court expressly found that the speedy trial period was tolled during that period because Smith's counsel had agreed to the trial date.  On appeal, Smith neither acknowledges the circuit court's finding that the trial date was agreed to, nor provides any argument challenging the circuit court's finding that the statutory period was tolled.  Smith "did not challenge this specific ruling anywhere in his opening brief," thus, he has waived the opportunity to challenge that ruling.  *See Harless v. Nicely*, 80 Va. App. 678, 691 (2024) (citing *Blankenship v. Commonwealth*, 71 Va. App. 608, 623 n.2 (2020)).[7]  This Court will not "be an advocate for, as well as the judge of the correctness of, appellant's position on the issues he raises."  *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (alterations omitted).  As such, this Court affirms the circuit court's denial of Smith's motion to dismiss the indictments for lack of a speedy trial.

II.  Sufficiency of the Evidence

On appeal, sufficiency of the evidence is reviewed for an abuse of discretion and "[t]he judgement of the trial court . . . will not be disturbed unless it is plainly wrong or without evidence to support it."  *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024) (first alteration in

---

[6] The statutory speedy trial period "equates to 152 and a fraction days."  *Osman v. Commonwealth*, 76 Va. App. 613, 657 (2023) (internal quotation marks and citation omitted).

[7] Furthermore, "[u]nsupported assertions of error do not merit appellate consideration."  *Bartley v. Commonwealt*h, 67 Va. App. 740, 744 (2017) (internal quotation marks and citation omitted).  This Court will not "research or construct a litigant's case or arguments[.]"  *Id.* at 746.  "[A] court of review is entitled to have the issues clearly defined and to be cited pertinent authority."  *Id.* at 744.  "The appellate court is not a depository in which the appellant may dump the burden of argument and research."  *Id.*  "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."  *Id.* at 746.

original) (internal quotation marks and citation omitted). Evidence is reviewed in the light most favorable to the prevailing party. *Id.* "In such cases [as this], '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (second alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

In the case at hand, Smith argues there was insufficient evidence to sustain a conviction for unlawful wounding and that, therefore, the circuit court should have granted his motion to strike the evidence. Code § 18.2-51 states in relevant part that it is a Class 6 felony for one to "maliciously . . . wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill" the victim. "If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony." *Id.*

Smith specifically argues that his "extreme voluntary intoxication rendered him incapable of committing the intentional act necessary for a conviction of unlawful wounding or the requisite specific intent to maim, disfigure, disable, or kill" and that he "consistently maintained that he never intended to punch [J.A.] in the face," rather he intended to "throw at" Krodel and J.A. "accidentally got in the way of his blow." Outside of deliberate and premeditated murder, "[i]t is well settled that voluntary intoxication furnishes no excuse for the commission of a criminal offense."[8] *Riley v. Commonwealth*, 277 Va. 467, 481 (2009). Therefore, it was not an

---

[8] Though Smith acknowledges this, he nonetheless claims he "ought to be able to negate the specific intent request for unlawful wounding by showing that he was so greatly intoxicated as to be incapable of deliberation or premeditation." In his attempt to make his case appear comparable to those that have found that "[w]hen a man has become so greatly intoxicated as not to be able to deliberate and premeditate, he cannot commit murder of the first degree," he ignores

error of the circuit court to deny Smith's motion to strike because he testified that he was "drunk" at the time of the offense.[9]

As for Smith's argument that he intended to hit Krodel rather than J.A., "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Flanagan v. Commonwealth*, 58 Va. App. 681, 701-02 (2011) (quoting *Sandoval v. Commonwealth*, 20 Va. App. 133, 138 (1995)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan*, 58 Va. App. at 702 (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). Outside of Smith's testimony, the evidence established that J.A., upset by Smith's derogatory remarks about women, told Smith to leave her home. Rather than leave when told to, Smith then told Krodel, "You need to check your bitch, I'm about to hit her." Smith then followed through with his threat by punching J.A. with enough force to cause her to "completely black[] out" and lose a tooth. It cannot be said that the fact finder was plainly wrong in its weighing of the evidence. Furthermore, looking at the evidence in its entirety, it cannot be said that either Smith's voluntary intoxication or his "consistent" claim that J.A. was not his intended victim could prevent any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt.

---

that acting deliberate and premeditated is not an element of unlawful wounding. *Hatcher v. Commonwealth*, 218 Va. 811, 814 (1978).

[9] It is settled law that "[v]oluntary immediate drunkenness is not admissible to disprove malice." *Swisher v. Commonwealth*, 256 Va. 471, 488 (1998) (alteration in original) (quoting *Johnson v. Commonwealth*, 135 Va. 524, 531 (1923)). However, even if that were not the case, it is noteworthy that, though Smith did testify that he was "drunk," he makes the argument that he was "so greatly intoxicated" that he was incapable of having the necessary intent without ever offering evidence of his level of intoxication, any expert testimony from a toxicologist as to the physical or mental effects that the alcohol could have caused, or any evidence to the circuit court that his voluntary intoxication affected his decision making capabilities.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*